THE PEOPLE, UPON COMPLAINT OF EL DORADO COUNTY, RESPONDENT, *v.* MICHAEL O'KEEFE, APPELLANT

[No. 12398.  In Bank. — May 8, 1889.]

TOLL-ROAD — PUBLIC HIGHWAY — DEDICATION — EXPIRATION OF FRANCHISE. — Case decided upon the authority of *People* v. *Davidson, ante,* p. 166.

APPEAL from a judgment of the Superior Court of El Dorado County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Blanchard & Swisler,* and *A. P. Catlin,* for Appellant.

*Attorney-General Johnson, M. P. Bennett, S. C. Denson,* and *C. F. Irwin,* for Respondent.

BELCHER, C. C. — This action, like *People* v. *Davidson, ante,* p. 166, this day decided, was brought to have a road adjudged a public highway, and to enjoin the defendant from collecting tolls thereon, or in any way interfering with travel over the same.

The road is in El Dorado County, and about six miles long. It was constructed on public land in 1860 by a corporation which was duly organized for that purpose, and was named the Placerville Turnpike Company. The

time fixed by the corporation for the continuance of its existence was nineteen years and five months, commencing August 1, 1860, and ending January 1, 1880. The road was known as the " Placerville Turnpike," and on the third day of December, 1860, the board of supervisors of the county made an order fixing the rates of toll to be charged for passing over it. Similar orders were afterward made, in November, 1863, in November, 1864, in November, 1865, in May, 1873, in June, 1878, and in July, 1879. On the second day of February, 1886, an order was made by the board of supervisors rescinding all orders theretofore made fixing rates of toll on the road. From the time the road was completed until the making of the last-named order, the road was continuously used by the public and tolls were collected thereon according to the rates fixed by the board.

In 1873, the defendant became the owner of a majority of the stock of the Placerville Turnpike Company, and thereafter he had the whole management and control of the road. The road continued to be assessed to the company, but the defendant paid the taxes levied thereon. Since 1873 the defendant has obtained the title in fee to a strip of land forty feet wide and a mile long, over which the road passes.

Upon these facts, the appellant makes the same points as were made in *People* v. *Davidson*. That case is decisive of this, and upon its authority the judgment and order here appealed from should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

PATERSON, J., did not participate in the decision of the above cause.