ELIZA F. McMULLIN, Respondent, *v.* A. LEITCH
ET AL., Appellants.

Toll-road — Dedication — Expiration of Franchise — Compensation — Public Highway. — A toll-road constructed in 1867, by a corporation formed under the act of 1853, became a public highway by dedication, subject to the right to collect tolls for a limited period; and when such period expires, the dedication to the public remains, and the road may be declared a public highway by the supervisors, and neither the corporation nor its stockholders have any interest thereafter for which compensation can be demanded.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

This was a proceeding by writ of review in the superior court to set aside and annul an ordinance of the supervisors of San Joaquin County declaring the Stockton and French Camp toll-road to be a free public highway, and to be opened to the public. The superior court rendered a decree annulling the ordinance as being in excess of the jurisdiction of the board of supervisors, and the supervisors appealed therefrom. It appeared that the Stockton and French Camp Turnpike Company was organized as a corporation May 20, 1867, and had built the toll-road in controversy in that year at a cost of thirty-five thousand dollars. The ordinance complained of was passed March 15, 1888, and it was claimed by the supervisors that, the franchise and charter of the corporation having expired after the lapse of twenty years from May 20, 1867, the road became, by operation of law, and could be declared, a public highway. The plaintiff, on the other hand, who was a stockholder of the turnpike company, insisted that the ordinance of the supervisors was void, because no compensation was made or tendered for the construction or value of the road, which plaintiff claimed to be still the property of the stockholders.

*Avery C. White,* for Appellants.

*W. L. Dudley, J. C. Campbell,* and *Edward I. Jones,* for Respondent.

The COURT. — The court is of the opinion ·that when the toll-road in question was constructed in 1867 by a corporation formed under the act of 1853, it became a public highway by dedication, subject to the right to collect tolls for a limited period. This period has expired, but the dedication to the public remains. Neither the plaintiff nor the corporation, nor the corporation which constructed any road, on the termination of the franchise to collect tolls, had any interest for which either of them can demand compensation. The questions arising in this case are settled by the decisions of this court in *People* v. *Davidson,* 79 Cal. 166, and *People* v. *O'Keefe,* 79 Cal. 171. (See also *Wood* v. *Truckee T. Co.,* 24 Cal. 474.)

The judgment and order are reversed, and the cause remanded, with directions to the court below to enter judgment for the defendants.