———— ‹o-o-o› ————

PORTER et al., Respondents, v. BOBB, Appellant.

1. A merchant furnishing goods to a wife living apart and separated from her husband must ascertain at his peril whether the circumstances warrant him in giving credit to her ; he must take notice that there is a separation.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action to recover the value of goods alleged to have been sold and delivered to defendant. Upon the trial it appeared that the goods were purchased by and delivered to the wife of defendant ; that the wife had left her husband's dwelling prior to the sale of the goods and during his temporary absence on business ; that she never returned. The court gave the following instructions at the instance of the plaintiff : " 1. The jury are instructed that a wife can act as the agent of her husband. 2. The mere fact of the wife of defendant having left his house one or two days prior to the sale of the bill of goods sued for, although without defendant's knowledge or consent, he being then absent from the city, and her going to her father's house, does not constitute a notorious desertion, or of itself relieve the defendant from liability unless knowledge of the facts was brought home to the plaintiffs." The court gave the following instructions at the instance of the defendant : " 3. To entitle the plaintiffs to recover, the jury must believe from the evidence that the plaintiffs sold and delivered the goods sued for to the defendant or his legal agent. 4. If the jury believe from the evidence that the goods sued for were furnished to the wife of the defendant at a time when she lived separate from him ; that she had quitted him against his will, and that the plain-

tiffs or either of them knew of the separation, or that the separation was so notorious that they ought to have known it, they will find for the defendant. 5. If the jury believe from the evidence that the goods sued for were furnished to the wife of the defendant; that at said time she ordered the goods to be sent to her father's residence, where she was then residing, and that at said time the said defendant was occupying his own house as a dwelling, this was a circumstance sufficient to notify the plaintiff of the separation." Other instructions prayed were refused by the court. The jury found a verdict for plaintiff.

*Cline & Jamison*, for appellant.

*P. B. Garesché*, for respondents.

SCOTT, Judge, delivered the opinion of the court.

This case turns on the fact whether there was a separation between Bobb and his wife at the time the goods were furnished. The case of Harshaw v. Merryman, 18 Mo. 118, shows that where there is a separation between husband and wife, the tradesman at his peril must ascertain whether circumstances exist which would warrant him in giving credit to her. He is to take notice that there is a separation, and it is no defence to say that he had no knowledge of the fact. Whether there was a separation without the fault of the husband between the husband and wife at the time the goods were furnished is the fact to be submitted to the jury. The other judges concurring, the judgment will be reversed, and the cause remanded.