REESE, Appellant, v. CHILTON, Respondent.

1. A merchant dealing with a wife living apart and separated from her husband must take notice of such separation; he can not recover of the husband for any supplies furnished to the wife unless the separation be on account of the misconduct of the husband, or by the mutual consent of husband and wife without an adequate allowance for her support.
2. If the wife leave her husband without cause, he will not become liable, by receiving her back, for necessaries supplied to her during her unlawful absence.

*Appeal from St. Louis Law Commissioner's Court.*

The plaintiff asked the court to instruct the jury as follows: " 1. If the jury believe from the evidence that Chilton and his wife separated and that during said separation her husband made no provision for her maintenance, and that the claim in controversy was for necessaries suitable to her condition in life, they will find for the defendant.   2. That if the jury believe from the evidence that Chilton and his wife separated by consent, without any provision for her maintenance, then Chilton is liable for her necessaries, and he sends credit with her to that extent.   3. That if the jury believe from the evidence that, since the claim in controversy accrued, Chilton has received his wife back again and that they are now living together as man and wife, and that plaintiff's account is for necessaries furnished her during the separation, they will find for the plaintiff.   4. That if the jury believe from the evidence that Chilton received his wife back, then it is immaterial whether she left with or without a cause, and he is bound for all necessaries furnished her suitable to

her condition in life.  5. That it is competent for a party to prove any fact in the cause by circumstances, and the jury have a right to take into consideration all the facts and circumstances of the case, and may draw such inferences as in their judgment the facts and circumstances warrant.  6. If the jury believe from the evidence that Mrs. Chilton received such treatment from her husband as to afford her a reasonable cause to depart from his home, then he is bound by all her contracts for necessaries suitable to her circumstances and those of the husband."

Of these instructions the court refused all except the fifth. The court gave the following instructions at the instance of defendant : " 1. The law will not permit a man to board or harbor the wife of another against his will, unless it be to protect her from some wrong or injury perpetrated or about to be perpetrated upon her by her husband ; and before the plaintiff can recover in this cause he must satisfy the jury by competent evidence that the conduct of the defendant was such towards his wife as to drive her from his house.  2. If the jury shall believe from the evidence that the boarding and articles charged in the plaintiff's account were furnished by the plaintiff to the defendant's wife at a time when she was living separate and apart from her husband, the defendant, and that the defendant had a house—a home—for her and supplied her there with necessaries suitable to her condition ; that she voluntarily left the house or home of her husband without his consent, and that he did not either by ill usage, indecency of behavior, or severity, compel her to leave his house, and that the plaintiff knew they were so living separate and apart, they will find for the defendant.  3. The jury are the sole judges of the credibility of testimony ; but if you believe that any witness in the cause has sworn wilfully and corruptly false to any material matter in this cause, you are at liberty to reject the whole of the testimony of such witness."

*Bay*, for appellant.

I. The court erred in refusing to give the 1st, 2d, 3d, 4th

and 6th instructions asked by plaintiff, and in giving those asked by defendant.

*Cline & Jamison*, for respondent.

I. The case was fairly put to the jury by the instructions given. (See Ruther v. Cox, 11 Mo. 347.)

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff sued the defendant for boarding his wife and for necessaries furnished to her during a temporary separation from her husband. The defendant had a dwelling-house at the time his wife left him, and the plaintiff knew, when she came to his house, that she had separated from her husband. It can not be inferred from the evidence whether the separation was by the mutual consent of the husband and wife or was brought about by any fault of the husband, and the bare question is presented whether the husband is liable for necessaries furnished to his wife during their separation without any explanation of the circumstances that led to it.

The law presumes the husband's assent to contracts made by the wife for necessaries suitable to his degree and estate from the fact of cohabitation; (Rutherford v. Cox, 11 Mo. 852;) but when that ceases the tradesman is bound at his peril to take notice of the separation, (Porter v. Bobb, 25 Mo. 36,) and he can not recover of the husband for any supplies furnished to the wife unless the separation was on account of the misconduct of the husband, or was by the mutual consent of the husband and wife without any adequate allowance for her support; (2 Smith's Lead. Cases, 374;) and if the wife leaves her husband without cause, he will not become liable by receiving her back for necessaries supplied to her during her unlawful absence. (Williams v. Pierce, 3 Strob. 490.)

The first, third and fourth instructions were properly refused because they did not contain correct propositions of law, and the second and sixth were refused because they were not warranted by the evidence. The judgment will be affirmed; the other judges concurring.