### GEORGE E. KENYON, TRUSTEE, *vs.* JOHN FARRIS.

Where a person has advanced money to a wife deserted by her husband, for the purchase of necessaries, and the money has been so applied, he can maintain a bill in equity against the husband for the recovery of the money so advanced. And it seems that it is not necessary that the petitioner should stand upon the rights of any particular person of whom the necessaries were purchased, but may maintain a single suit for the recovery of the whole amount so advanced, even though applied to the purchase of necessaries from various persons.

BILL IN EQUITY to recover money advanced to the wife of the respondent for the purchase of necessaries by her while deserted by her husband; brought to the Superior Court in Hartford County. The suit was brought by the petitioner as trustee, for money advanced by his wife from her separate estate.

The allegations of the petition were as follows:—

That on the 1st day of March, 1876, one Hannah C. Farris was the lawful wife of one John Farris, the respondent, and as such was living with him at Hartford in this state, and that about that time the said John Farris, without the fault of the said Hannah, wilfully deserted her and neglected and refused, and ever since has neglected and refused, to furnish her with means necessary for her support, and has withheld from her all means adequate and necessary to purchase the necessaries of life; that the said Hannah being without such means of support, and being in need of the necessaries of life, Harriet L. Kenyon, the wife of the petitioner, and of whom the petitioner is trustee, at different times from the 1st day of March, 1879, down to the time of bringing this petition, advanced to the said Hannah, at the request of the said Hannah, and for the purpose of procuring for her the necessaries of life, divers sums of money amounting in the aggregate to eight hundred dóllars, which sums of money were the own proper estate of the said Harriet L. Kenyon. And the petitioner avers that the said sums of money advanced by the said Harriet L. Kenyon were expended by the said Hannah, to whom said moneys were advanced, in purchasing the nec-

essaries of life, and for which said necessaries the respondent, the said John Farris, is legally liable. And the petitioner further avers that he is without adequate remedy at law and utterly remediless unless relieved by the interposition of this honorable court. Wherefore he prays that as trustee of the said Harriet L. Kenyon he may be subrogated to the rights of the several tradesmen who have sold the said Hannah C. Farris the aforesaid goods necessary for the support of life, and that your honorable court will order and decree that the respondent, the said John Farris, pay to the petitioner, trustee as aforesaid, the sum of eight hundred dollars, advanced by the said Harriet L. Kenyon, and that the court would grant such other and further relief as shall seem reasonable.

To this petition the respondent demurred, and the court (*Carpenter, J.,*) sustained the demurrer and dismissed the petition. The petitioner brought the record before this court by a motion in error.

*A. D. Smith,* for the plaintiff in error.

The liability of the husband for the price of necessaries furnished his wife whom he has abandoned wilfully and without fault on her part, is too well settled to be called in question. 1 Pars. on Cont., 352. No question could have arisen, if a merchant supplying the necessaries had brought an action at law against the respondent. The plaintiff has advanced money which is conceded to have been used in purchasing them. Has he any remedy? The learned judge before whom the case was argued in the court below admitted that we have no remedy at law. He also decided that we have none in equity. Was he right? That we have no remedy at law is well settled by a number of well considered authorities. That a husband is liable for necessaries furnished his wife is true, but this term, comprehensive as it is, does not include *money* advanced to the wife, not even if the money so advanced is actually used in purchasing articles of merchandise which are known as necessaries. 1 Swift Rev. Dig., 32, 34; Chitty on Cont., 240; 2 Kent Com., 146; Schouler Dom. Rel., 79. It would seem that this court in view of the strong equities of

our case, and mindful of the maxim that it is the part of a good judge to extend his jurisdiction, would on general principles and irrespective of precedent, exercise its equitable powers in granting relief to a creditor whose claim is so meritorious, especially when we bear in mind that the decision which may be rendered does not only affect the rights of this particular creditor but may imperil the very existence of married women in the condition of the respondent's wife. Unfortunate indeed would be the condition of wives abandoned by their husbands, if a creditor who advances money to them to relieve their necessities has no security, express or implied. No merchant wishes to let his goods go, knowing that he must sue for the value. No man wishes to forego the certainty of cash payments for the delay and uncertainty incident to a lawsuit. Friends able and willing to assist may not have goods but may have money. If one of these assumes a burden imposed by law on the husband, shall he be compelled to suffer and go remediless on account of his well-doing? Courts of equity have from time immemorial exercised this power of subrogating one creditor to the rights of another. 1 Story Eq. Jur., §§ 567, 635. Hence on general principles of equity our bill is sufficient, but we are not compelled to rely on these alone. There are a number of well considered decisions in England which are to the effect that a creditor advancing money to a deserted wife, may resort to equity and be subrogated to the rights of the merchants of whom she purchases necessaries with the money so lent. Chitty on Cont., 186; Addison on Cont., 699; 2 Kent Com., 146; *Earle* v. *Peale*, 1 Salk., 386; *Harris* v. *Lee*, 1 P. Wms., 482; *Marlow* v. *Pitfield*, id., 558; *Jenner* v. *Morris*, 1 Drew & Sm., 218; *S. C.*, 3 De G. F. & Jones, 45; *Walker* v. *Simpson*, 7 Watts & Serg., 83.

*H. Willey*, for the defendant in error.

1. A court of law will furnish a remedy for advancements made to a married woman deserted by her husband as far as it is necessary or proper. A husband deserting his wife and leaving her without means of support is liable on her con-

tracts for necessaries.  The common law defines necessaries to consist of necessary food, drink, clothing, washing, physic, instruction, and a competent place of residence.  *Shelton* v. *Pendleton*, 18 Conn., 423.   Moneys lent to the wife are not necessaries, and cannot be recovered unless the husband's request be averred and shown.   2 Kent Com., 146.   But if Mrs. Kenyon, who, it is claimed, loaned money to Mrs. Farris, had laid out money or had seen it laid out in necessaries, she might have charged the necessaries as furnished by her, thus taking upon herself the application of the loan.   *Gill* v. *Read*, 5 R. Isl., 343 ; *Stone* v. *McNair*, 4 Price, 48 ; *Earle* v. *Peale*, 1 Salk., 386.   Or if Mrs. Farris had ordered goods, they being necessaries, and tradesmen had furnished them on the credit of her husband, and Mrs. Kenyon had paid the bills to the tradesmen, she might have taken an assignment of the claims and maintained suits at law to recover them. It would seem therefore that a court of law can give a remedy as far as it is safe or proper to give it.

2.   Before our statute authorizing assignments of choses in action, a person having paid a tradesman's bill for necessaries furnished to a married woman on the credit of her husband might perhaps by a petition in equity be subrogated to the rights of the tradesman.   In the present case there were no tradesmen who had right to recover against the respondent. No goods were sold on the credit of John Farris or on the credit of Mrs. Farris.   Mrs. Farris purchased and paid cash ; there are no rights of tradesmen to which Mrs. Kenyon can be subrogated.   Subrogation in law is "the substitution of one person in the place of another as a creditor with a succession to the rights of the latter ; the mode by which a third person who pays a creditor succeeds to his rights against the debtor."   2 Burrill's Law Dict., 401.   A husband is not liable for money lent to his wife, though it be applied by her in purchasing necessaries, for the supply of which he would have been liable.   *Knox* v. *Bushell*, 3 Com. Bench, (N. S.,) 334.   The case of *Harris* v. *Lee*, 1 P. Wms., 482, goes upon the ground that the person who lent money to pay a physician's bill might be subrogated to the rights of the physician,

there being no statute authorizing assignments of choses in action. In the case of *Jenner* v. *Morris*, 3 De G. F. & Jones, 45, (a case relied upon by the petitioner,) the Lord Chancellor, in giving the opinion of the court, says, "A court of equity will allow the party who has advanced the money which is proved to have been actually employed in paying for necessaries furnished to the deserted wife, to stand in the shoes of trades-people who furnished the necessaries, and to have a remedy for the amount against the husband. I do not find any technical reason for this, but it may possibly be that equity considers that the trades-people have for a valuable consideration assigned to the party who advanced the money the legal debt which would be due to them from the husband on furnishing the necessaries, and that although a chose in action cannot be assigned at law, a court of equity recognized the rights of the assignee." The court will see that the law as laid down in *Harris* v. *Lee* and *Jenner* v. *Morris* is not applicable to the case before the court. In those cases there were bills of physicians and tradesmen to whose rights the person advancing money could be subrogated, and in whose shoes he could stand. Here is an advancement of money, not to pay for particular articles or particular bills, but given to the wife to expend for necessaries as she pleased. The tradesmen could not sustain an action against John Farris, for they had sold nothing on his account or on his credit. And if Mrs. Kenyon could be subrogated to the rights of the several tradesmen she could take nothing, for the tradesmen never had any right of action against John Farris.

3. A court of equity in this country, in a case like this, will not interfere or take jurisdiction, but leave the party to his remedy at law. 2 Story Eq. Jur., § 1422; *Pomeroy* v. *Wells*, 8 Paige, 406.

PARDEE, J. This is a bill in equity. The petitioner alleges that on or about the first day of March, 1876, the respondent wilfully deserted his wife, she being without fault; that thereafter he neglected and refused to furnish means necessary for her support; that she was without means of support and was

in need of the necessaries of life; that at her request during the time of such need the wife of the petitioner advanced from her separate estate from time to time sums of money aggregating $800 to the respondent's wife for the purpose of enabling her to procure the necessaries of life; and that she expended the money in the purchase for herself of such necessaries as her husband was legally bound to furnish. And the petitioner alleges that he brings this bill as trustee for his wife; and that he is without adequate remedy at law. He prays to be subrogated to the rights of the several persons who sold these necessaries to the respondent's wife; and that the respondent be ordered to pay said amount to him as such trustee; or that relief should be granted in some other manner.

The following cases are precedents for this bill.

In *Harris* v. *Lee*, 1 P. Wms., 482, the petitioner had loaned £30 to the respondent's wife who had left him for cause, to enable her to pay doctors and for necessaries. The court said:—"Admitting that the wife cannot at law borrow money, though for necessaries, so as to bind the husband, yet this money being applied to the use of the wife for her use and for necessaries, the plaintiff that lent this money must in equity stand in the place of the persons who found and provided such necessaries for the wife. And therefore, as such persons could be creditors of the husband, so the plaintiff shall stand in their place and be a creditor also; and let the trustees pay him his money and likewise his costs." And in *Marlow* v. *Pitfield*, 1 P. Wms., 559, the court said:—"If one lends money to an infant to pay a debt for necessaries and in consequence thereof the infant does pay the debt, here although he may not be liable at law, he must nevertheless be so in equity."

In *Dean* v. *Soutten*, 9 L. R., Equity Cases, 151, (1869) the marginal note is as follows:—"A person who has advanced money to a married woman deserted by her husband for the purpose of, and which has been actually applied towards, her support, is entitled in equity, though not at law, to recover such sums from the husband." In giving the decision Lord Romilly, M. R., said:—"I am of opinion that this is a proper

suit and that the plaintiff is entitled to a decree. The cases cited on behalf of the defendant have no application, and *May* v. *Shey*, 16 Sim., 588, is overruled by *Jenner* v. *Morris*, supra.''

*Jenner* v. *Morris*, 3 De G., F. & Jones, 45, was a bill to compel the payment of money advanced to a deserted wife. In giving the opinion the Lord Chancellor said:—"An action at law could not be maintained for such a claim. Those who supply the necessaries to the deserted wife may sue the husband at law, she being considered his agent with uncountermandable authority to order the necessaries on his credit. But courts at law will not recognize any privity between the husband and a person who has supplied his wife with money to purchase necessaries or pays the trades-people who have furnished them. Nevertheless, it has been laid down from ancient times that a court of equity will allow the party who has advanced the money which is proved to have been actually employed in paying for necessaries furnished to the deserted wife, to stand in the shoes of the trades-people who furnished the necessaries, and to have a remedy for the amount against the husband. I do not find any technical reason for this; but it may be possible that equity considers that the trades-people have for valuable consideration assigned to the party who advanced the money the legal debt which would be due to them from the husband on furnishing the necessaries, and that although a chose in action cannot be assigned at law, a court of equity recognizes the right of an assignee. Whatever may be the reason, the doctrine is explicitly laid down in *Harris* v. *Lee*, 1 P. Wms., 482, and the other cases referred to. Objection has been made to these authorities that they are very old, and that they do not appear to have been acted upon in modern times. But it may be said, on the other hand, that they have been acted upon without ever having been questioned, and that they are entitled to more respect from their antiquity. I find that they are cited and treated as good law by subsequent text writers on this subject. Considering that to establish the equitable liability of the husband, proof is required that the money has been actually applied to the payment of the debt for which the husband

would be liable at law, no hardship or inconvenience can arise from adhering to this doctrine."

In *Walker* v. *Simpson*, 7 Watts & Sergeant, 83, the court said:—"Although the husband is to blame for having caused the separation, yet he is only chargeable at law for necessaries supplied to his wife at her request, and not with money lent or advanced to her, because money cannot be considered necessaries, which consist of food, lodging, and raiment. But where the money lent or advanced has been applied to the payment of necessaries furnished to her, equity will put the party lending or advancing the money in the place of the party who supplied the necessaries."

We willingly follow the leading of these authorities, because we think that the line of separation between necessaries and money loaned for the purpose of purchasing them may well be obliterated. So far as the husband is concerned they are practically convertible terms. His burthen will not be increased if he is made liable for money; the scope of the word necessaries will not thereby be broadened; the lender will be compelled to prove an actual expenditure for them; the law has discharged its duty to the husband in protecting him from liability for anything beyond them; it only discharges its duty to the wife by making it impossible for him to escape liability for these irrespective of the method by which he forces her to obtain them. If he has any preference as to that method the law will secure it to him; if he refuses to adopt any, he is not to be heard to complain if she is permitted to elect, providing always that she is kept within the small circle of necessity. It is not certain that credit will, under all circumstances, supply necessaries to the wife; at times they may not be had without money, and accidents of time, place or distance may bring about such a state of things as that a friend may be able and willing to place money in her hands upon her husband's credit, who cannot personally attend to its disbursement.

There is error in the judgment complained of.

In this opinion the other judges concurred; except CARPENTER, J., who having tried the case in the court below did not sit.