Reed v. Crissey.

## THOMAS E. REED, Respondent, v. WILLIAM E. CRISSEY, Executor, etc., Appellant.

### Kansas City Court of Appeals, November 4, 1895.

1. **Witnesses:** DECEASED PARTY: AGENT: WIFE. Where the wife of the decedent contracted the debt sued for as her husband's agent, the plaintiff is a competent witness, if the wife is living at the time of the trial.

2. ——: ——: ——: REPRESENTATIVE. Where the wife would be a competent witness, under section 8922, Revised Statutes, 1889, in a suit in the name of, or against, her husband, she is likewise competent in an action against the husband's estate.

3. **Husband and Wife:** NECESSARIES: DEFINITION. Necessaries for which the husband is liable when furnished the wife, consist of food, drink, clothing, washing, physic, medical attendance, instruction and suitable residence.

4. **Witnesses:** HUSBAND AND WIFE: AGENCY: NECESSARIES. A wife, when purchasing necessaries, is, by operation of law, the agent of her husband, and is a competent witness against him in a suit for such necessaries; and the same is true where she borrows the money to secure such necessaries; but she is not competent to testify to admissions and conversations of her husband.

5. **Husband and Wife:** NECESSARIES: EQUITY: SUBROGATION. Equity allows one, who has lent money to a distressed wife to procure necessaries, to stand in the stead of persons supplying the same. The lender is only bound to see the loan is properly applied.

6. **Witnesses:** DIVORCED WIFE: HARMLESS ERROR. Though plaintiff's divorced wife may be a competent witness against him, yet the failure of the trial court in this case and on this record to admit certain testimony of such wife, is held insufficient to reverse the decree.

7. **Costs:** ADMINISTRATION: STATUTE CONSTRUED. Section 210, Revised Statutes, 1889, has only reference to such actions as come within the jurisdiction of a probate court, and not to actions in equity that must be brought in the circuit court. In these latter cases, the cost is not regulated by said section.

8. **Husband and Wife:** NECESSARIES: WIFE'S AGREEMENT. The fact that the wife 'agrees with her husband in writing not to incur any debt against him in the treatment of her ailments, does not exempt the husband from his common law liability to supply her with necessaries; but he is liable therefor, although the person furnishing the same has been expressly forbidden to trust her.

9. ———: MEDICAL TREATMENT. To excuse the husband from liability for necessary medical treatment of the wife, the treatment he offers her must be the medical and surgical attention of which she stands in need at the time.

*Appeal from the Johnson Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*O. L. Houts* for appellant.

(1) The deceased, Nelson Robeson, employed Dr. S. P. Cutler, a skilled and competent physician and surgeon of thirty years' practice, and offered and arranged to furnish his wife, at home, all necessary medical attention, including the performance of the operation of laparotomy, necessary for her to undergo. In order to bind the husband for necessaries furnished the wife after the party furnishing the same had notice that the husband would refuse to pay therefor, such party must show not only that he furnished necessaries to the wife, but that the husband had refused to supply them. This is the settled rule in this state. *Barr v. Armstrong*, 56 Mo. 577; *McKinney v. Guhman*, 38 Mo. App. 344. (2) Plaintiff never furnished the money he has sued for, nor any of it. The weight of the evidence is clearly against him upon that proposition, and his bill should be dismissed. *Thomas v. Railroad*, 49 Mo. App. 110, and cases cited; *Blount v. Spratt*, 113 Mo. 48; *Wendover v. Baker*, 121 Mo. 296, at page cited and cases cited. (3) Upon the petition and all the evidence in this case, the judgment should have been for the defendant. Under the rule

adopted in this state, a recovery can not be had against the husband for money advanced or loaned to the wife, and used by her in payment for necessaries, if such necessaries were furnished her by other parties, upon her own credit and charged to her and not to her husband. *McKinney v. Guhman*, 38 Mo. App. 344. See instructions given in that case, and the comments thereon by the court. (4) Plaintiff commenced this suit in the circuit court against the estate of the deceased April 6, 1893, within less than one year from the date of his death and administration. The court, therefore, unquestionably erred in refusing to compel plaintiff to pay costs. R. S. 1889, sec. 210, p. 160. It is no answer to this proposition for plaintiff to say his is a suit in equity. A suit in equity is a "suit of any kind." (5) Plaintiff was not a competent witness because Nelson Robeson, the other party to the cause of action in issue and on trial, was dead, and because the executor of the deceased is a party to this action. R. S. 1889, p. 2057, sec. 8918. (6) Mrs. Robeson was an incompetent witness and the court erred in permitting her to testify, as it did repeatedly and all the time, to confidential communications between her husband and herself. R. S. 1889, p. 2059, sec. 8922; *Brandon v. Dawson*, 51 Mo. App. 237; *Herndon v. The Tripple Alliance*, 45 Mo. App. 426; *Cannon v. Moore*, 17 Mo. App. 92. (7) Mrs. Reed was a competent witness to prove any facts that came to her knowledge during the existence of her married relation with plaintiff and that were not learned by her through admissions and conversations of her husband, and as to any and all facts pertinent to the case, which she learned after she was divorced from the plaintiff. The court, therefore, committed reversible error in holding that she was not a competent witness for any purpose. See authorities under proposition 6.

*J. W. Suddath* and *A. B. Logan* for respondent.

(1) A husband is liable for necessaries furnished his wife. This includes medical attention. *Sauter & Adams v. Scrutchfield*, 28 Mo. App. 150; Schuler on Domestic Relations [4 Ed.], p. 61. (2) Where loan is made to wife for purchase of necessaries, husband is liable, if loan is applied for necessaries. Schouler on Domestic Relations, note to p. 61; *Kenyon v. Farris*, 36 Am. Rep. 86; s. c., 47 Conn. 510; *Zeigler v. David*, 23 Ala. 127. (3) Husband is liable for necessaries furnished wife, even in face of his instructions and positive command not to credit. Schouler on Domestic Relations, sec. 65; *Sauter & Adams v. Scrutchfield*, *supra*. (4) Wife is a competent witness against the husband in a suit for necessaries, hence competent against his executor. *Sauter & Adams v. Scrutchfield*, *supra; Babcock v. Bath*, 15 N. Y. Com. Law ; bot. p. 325. (5) Wife, in purchasing necessaries, is, by operation of law, agent of her husband in that transaction: *Sauter & Adams v. Scrutchfield*, *supra*. (6) Wife, in contracting this debt, being agent for her husband, the decedent, the plaintiff is a competent witness, because the agent with whom he contracted is still living. *Orr v. Rode*, 101 Mo. 387, *loc. cit.* 398; *Ward v. Ward*, 37 Mich. 253. (7) In equity cases, every presumption will be indulged in favor of the correctness of the finding of the trial court on the evidence. "And, further, it is well settled in this state, that the finding of the chancellor will be deferred to by this court, unless he has manifestly disregarded the evidence." *Calvert v. Bates*, 44 Mo. App. 626; *Judy v. Bank*, 81 Mo. 404; *Erskim v. Lewinstein*, 82 Mo. 301; *Harris v. Township Board*, 22 Mo. App. 462; *Ford v. Phillips*, 83 Mo. 523; *Snell v. Harrison*, 83 Mo. 652–658; *Sharpe v. McPike*,

62 Mo. 300; *Hodgers v. Black*, 76 Mo. 537; *Royle v. Jones*, 78 Mo. 403.

SMITH, P. J.—This is a suit in equity. The petition alleges that one Nelson Robeson departed this life testate, first naming the defendant, Crissey, in his last will, as executor thereof. It further alleges that the wife of the testator, D. J. S. Robeson, survived him; and that she, long prior to his death, was afflicted with an ovarian tumor, which had so grown and enlarged as to endanger her life; and that being so afflicted, it became necessary to save her life that the said tumor should be removed; that the testator, her husband, then living, although in duty bound to do so, absolutely refused and neglected to provide for her any such medical and surgical treatment as were necessary in and about the having said tumor removed, that her life might be spared.

It is further alleged that the wife of the testator, while so afflicted and suffering from such ovarian tumor, as a means of saving her life, was compelled to visit the city of Chicago, in the state of Illinois, and place herself under the treatment of a certain physician and surgeon, skilled in the treatment of diseases such as she was afflicted with, and was by such physician and surgeon treated and cured of her said ailment.

It is further alleged that the testator's wife incurred large expenses in and about her said treatment and cure, by way of doctor's bills, hospital dues, attendance of nurses, board and medicine.

It is further alleged that the plaintiff, at the request of the testator's wife, advanced to her, for the express purpose of being used, and which was actually used by her in the payment of doctor's bills, hospital dues, attendance of nurses, board and medicine—all of which were actual necessaries for her in her said condition

Reed v. Crissey.

and which she could not there obtain upon the credit of her husband, the testator,—the sum of $500.

It was further alleged that no part of said sum of money had been repaid plaintiff, and that he had no adequate remedy at law to recover from the estate of the said testator the moneys so advanced by him. .

The prayer was that the plaintiff be subrogated to the rights of the several persons, to whom the money so advanced was paid for necessaries, and that upon a final hearing of the cause the court ascertain the amount which plaintiff should be allowed, including interest, and that the amount so found be certified to the probate court for allowance and classification, etc.

The answer, besides containing a general denial, admitted that the said D. J. S. Robeson was the wife and widow of the testator, and that she was afflicted and sick, as charged in the petition, but set forth, as a defense, that the testator provided for her all necessary medical and surgical treatment, and, on being informed that it was necessary for a surgical operation to be performed for and upon her, he offered to procure and have such operation performed by skillful and competent surgeons; but that she declined his offer and refused to submit to such operation and against his will and protest she went to the city of Chicago to have the operation performed; that on her departure she agreed with the testator that the latter should not be in any way responsible for the treatment she should receive, or any expense she should incur, during her absence, and that she would be responsible and pay the same.

It is further alleged that all the necessary expenses incurred by the wife in her said trip to Chicago, and while there and for necessary treatment, were actually paid by the testator, or by the wife out of money belonging to him.

The reply was a general denial. There was a trial, resulting in a decree for plaintiff, to reverse which decree the defendant has appealed.

It was objected by the defendant at the trial that the plaintiff was not a competent witness, under the statute, section 8918, since the other party to the contract in issue and trial was dead. This objection would be valid, did not the fact appear that the wife of the testator, in contracting the debt, in respect to which this action was brought, was his agent. The wife, with whom the debt was contracted, being, at the time of the trial, still living, the plaintiff was a competent witness to testify in respect to the contract. *Orr v. Rode*, 101 Mo. 387; *Ward v. Ward*, 37 Mich. 253.

Defendant further objects that Mrs. Robeson, the wife of the testator, was not a competent witness to testify in relation to the transaction which gave rise to the present suit. Section 8922, Revised Statutes, provides that no married woman shall be disqualified as a witness in any civil suit or proceeding, prosecuted in the name of or against her husband, in any business transaction, where the transaction was had and conducted by such married woman as the agent of her husband. Under the provisions of this enabling statute, in all matters of business transactions which are conducted by a married woman as the agent of her husband, she is made a competent witness to testify in relation to such transaction, in any suit in the name of or against her husband. If she be a competent witness in a suit in the name of or against her husband, in respect to such transactions, she is likewise a competent witness in such an action by or against his executor or administrator.

It remains to inquire whether Mrs. Robeson, the wife of the testator, was his agent in the business transaction, by which, at her request, the plaintiff lent her said alleged sum of money, for the purpose of being

used in payment of her doctor's bills, hospital dues, attendance of nurses, board and medicine, which were actual necessaries for her in her condition at that time; for, if she was such agent, then she was a competent witness to testify in respect to such transaction, in an action by the plaintiff against her husband or his representative.

A husband is liable for necessaries furnished his wife. Necessaries, it is said, consist of food, drink, clothing, washing, physic, medical attention, instruction and a suitable place of residence. *Sauter v. Scrutchfield*, 28 Mo. App. 150; Schouler's Domestic Rel., sec. 61; *St. John's Parish v. Bronson*, 40 Conn. 75.

A wife, in purchasing necessaries, is by operation of law the agent of her husband in that transaction and is a competent witness against him in a suit for such necessaries. *Sauter v. Scrutchfield, supra; McKinney v. Guhman*, 38 Mo. App. 344. And whatever may be the rule of the common law, equity allows one who has lent money to a distressed wife, with which to procure necessaries, to stand in the stead of the persons supplying the same, and to recover of the husband the amount actually paid by the wife out of the money so lent her. The lender is only bound in such case to see that the loan is properly applied. *Harris v. Lee*, 1 P. Wms. 482; *Walker v. Simpson*, 7 W. & S. 83; *Kenyon v. Farris*, 47 Conn. 510; *Ziegler v. David*, 25 Ala. 127; *Doan v. Soutten*, 9 L. H. Equity Cases, 151; *Jennen v. Morris*, 3 De G. & Jones, 45.

So that it results that, in cases where the husband neglects to provide necessaries for the wife, she is, by operation of law, his agent, as well where she borrows money for the purpose of providing such necessaries, as where she directly purchases the same on the credit of her husband. In either case the law arms her with the power to bind the husband. And, being the agent

of the husband in such transactions, she is a competent witness to testify respecting such transactions, in any suit brought against the husband or his representative after his death. *Sauter v. Scrutchfield, supra.* We therefore are of the opinion that Mrs. Robeson was a competent witness for the plaintiff and that the court did not err in permitting her to testify.

It is not to be understood from what has just been said that she was competent to testify to any admissions or conversations of her husband, whether made to herself or to third persons; for this the statute expressly interdicts. Section 8922. It is objected that this statutory interdict was violated in the course of Mrs. Robeson's testimony, but an examination of the record does not disclose that to have been so in any material particular, and therefore we do not think the objection well taken.

Defendant next objects that the trial court erred in its ruling respecting the competency of the witness, Mrs. Reed, the divorced wife of the plaintiff. It appears from the record that defendant introduced this witness, and to whose competency the plaintff objected, for the reason that it appeared that the testimony sought to be elicited from her related to transactions and events that took place during the time she was the wife of the plaintiff. It further appears that at this point the witness was withdrawn, for the purpose of allowing the court to consider the question of her competency. Later on, and without more, it appears that the defendant again introduced her, and inquired of her who supported the family during the time she lived with plaintiff as his wife. The plaintiff objected to the question thus asked the witness, on the ground that it was incompetent. The defendant then offered to prove by the witness that she had supported the family during the entire time the marital relation had existed

beween plaintiff and the witness, and that the plaintiff contributed nothing to the support of the family, and that he was, during that time, without money or other means. This offer was by the court rejected. The defendant then dismissed the witness. It does not appear that the court ruled the witness disqualified entirely, but, on the contrary, it appears that she was permitted to testify to such facts as she was deemed competent. It is true that the defendant states that the witness was ruled by the court to be incompetent for any purpose, but this is denied by the plaintiff, and as we have not the finding and decree of the court in the record before us, we forbear the expression of an opinion in the matter thus in difference between the parties.

The defendant has made no objection here to the action of the court in rejecting the defendant's offer of proof by the plaintiff's former wife, and, if he had, we should not be inclined to reverse the decree on account of the ruling thereon, even if technically erroneous. If the witness had been permitted to answer that she had supported her family, and that her husband had no money or other means, and had contributed nothing towards the support of the family, this would have been but a bare circumstance, showing only in a remote degree that plaintiff did not furnish Mrs. Robeson the money for the recovery of which the suit was brought. The refusal of the court to admit such proof would not justify a reversal, and especially so, since it very feebly, if at all, reinforces the other evidence adduced to sustain the defense interposed. And a like remark is applicable to the action of the court in rejecting the offer of the defendant to show that the plaintiff's wife had obtained a decree of divorce against him on the ground that he had failed and neglected to support her

and had also been required to give security for costs in that case.

The defendant complains of the action of the court in refusing to tax the costs against the plaintiff, in accordance with section 210, Revised Statutes, which provides that if any person commence a suit of any kind in the circuit court against an estate, within one year from the date of the administration, he may recover judgment, but shall pay the cost. "A suit of any kind," to which this section has reference, is one that may be brought on a legal demand that would fall within one of the seven classes of legal demands that may be presented, allowed and classified by the probate court, under the provisions of another section of the same chapter of the statutes, section 183. This section has, we think, only reference to such actions as are within the jurisdiction of the probate court. This action is not one over which the probate court has jurisdiction, and for that reason the provisions of section 210, just quoted, have no application to it, no matter where brought.

As has been seen, it is, in effect, admitted by the defendant's answer that the wife of the testator was afflicted with an ovarian tumor, and that no relief was possible, except in the surgical operation of *laparotomy*. The defense relied on was, first, that the plaintiff did not lend the testator's wife the amount claimed, or any amount, and, second, that the testator provided and offered to provide for her at their home, all necessary medical and surgical treatment, etc.

As to the first of those defenses, it may be remarked that the testimony of plaintiff himself is not as clear and satisfactory as it should have been. Much of it borders on the improbable and were it not for the clear and convincing testimony of Mrs. Robeson, with that of other witnesses, we should not be inclined to approve

the finding of the trial court. If we reject the testimony of the plaintiff himself, there remains other testimony ample to support the finding. It is true that Mrs. Robeson agreed with her husband in writing that she would not incur any debt against him, for either board or doctor's bills, in and about the treatment of her ailment, but that she would rely on her friends therefor. But this did not exempt her husband from his common law liability. The rule is elemental that whenever the husband neglects to supply his wife with necessaries, or the means of procuring them, she may, on the pledge of the husband's credit, obtain what is strictly needful for her support, although it be against his wishes, or even where the person furnishing the necessaries has been expressly forbidden to trust her. Schouler's Dom. Rel. sec. 65; *Sauter v. Scrutchfield, supra.*

And as to the second defense, it appears that it is in effect conceded, both in the answer and the testimony, that Mrs. Robeson was in actual need of the medical and surgical attention which she received, and but for which she would have died. But it is insisted that the testator offered his wife competent medical and surgical assistance at home, and that this she declined to accept and therefore there was no liability.

The only testimony adduced which has any tendency to establish this defense is that of Dr. Cutler. He testified to certain conversations with the wife; and also that he made a physical examination of her. But his testimony in this respect is contradicted by both the testimony of the wife and that of Mrs. Tesson, who is admitted to have been present when the conversation and examination testified to took place. It did not appear that Dr. Cutler had ever performed the operation of laparotomy, or that he had any special skill or experience in the performance of such delicate and dangerous surgical operations. Dr. Hedges, who had been

the testator's family physician for the previous twelve years, advised the wife not to think of having the required operation performed at her home, but to go to the place where she had the operation performed. Other physicians also advised that the operation could not be safely performed at her home. The greater weight of the testimony was to the effect that the operation could not be safely performed, except at some such place as that at which it was performed. The evidence is quite convincing that the testator did not provide, or offer to provide for his wife, at their home, the medical and surgical attention of which the latter stood in so much need. We can not think that this defense was proven.

An examination of the whole testimony presented by the record has not convinced us that the finding of the court was in manifest disregard of the testimony, and, such being our conviction, we must defer to the finding of the learned circuit judge who tried the case.

It results that the decree must be affirmed. All concur.