[Civ. No. 6886. First Appellate District, Division One.—July 19, 1930.]

WINFIELD S. DAVIS et al., Respondents, v. JOSEPH FYFE, Jr., Appellant.

L. L. James and C. K. Bonestell for Appellant.

Thacher & Jones for Respondents.

THE COURT.—This action was brought to recover a balance of sums advanced by plaintiffs, who were the brothers of defendant's wife, to provide her with the necessaries of life. The defendant admitted his failure to provide, and the court found that the amounts claimed were advanced and actually used for that purpose. Defendant has appealed from the judgment which was entered against him.

He contends that the necessaries not having been directly furnished or paid for by plaintiffs, although procured with the sums advanced, there can be no recovery. Section 174 of the Civil Code provides: "If the husband neglect to make adequate provision for the support of his wife, except in the cases mentioned in the next section, any other person may in good faith supply her with articles necessary for her support, and recover the reasonable value thereof from the husband." The husband's obligation is imposed by law, its performance being made of public concern, and if with knowledge of the facts he fails to perform he is liable for the reasonable value of such necessaries as may be furnished by others (Woodward on Quasi-Contracts, sec. 203), and it has been frequently held that money advanced under such circumstances and which has been actually so applied can be recovered from the husband. The leading case so holding is *Kenyon* v. *Farris*, 47 Conn. 510 [36 Am. Rep. 86], and this rule has been followed in other jurisdictions. (*Leuppie* v. *Osborne's Exrs.*, 52 N. J. Eq. 637 [29 Atl. 433]; *Reed* v. *Crissey*, 63 Mo. App. 184; *Walker* v. *Laighton*, 31 N. H. 111; *DeBrauwere* v. *De-Brauwere*, 203 N. Y. 460 [38 L. R. A. (N. S.) 508, 96 N. E. 722]; *Walker* v. *Simpson*, 7 Watts & S. (Pa.) 83 [42 Am. Dec. 216]; *Laumeier* v. *Laumeier*, 237 N. Y. 365 [32 A. L. R. 654, 143 N. E. 219].) It has been held in Massa-

chusetts that there is no legal or equitable ground for recovery under such circumstances (*Skinner* v. *Tirrell,* 159 Mass. 474 [38 Am. St. Rep. 447, 21 L. R. A. 673, 34 N. E. 692]); but we feel constrained to follow the rule first stated. As was said in *Kenyon* v. *Farris, supra:* "We think that the line of separation between necessaries and money loaned for the purpose of purchasing them may well be obliterated. So far as the husband is concerned, they are practically convertible terms. His burden will not be increased if he is made liable for money. The scope of the word 'necessaries' will not thereby be broadened. The lender will be compelled to prove an actual expenditure for them. The law has discharged its duty to the husband in protecting him from liability for anything beyond them. It only discharges its duty to the wife by making it impossible for him to escape liability for these, irrespective of the method by which he forces her to obtain them. If he has any preference as to that method the law will secure it to him. If he refuses to adopt any, he is not to be heard to complain if she is permitted to elect, provided always that she is kept within the small circle of necessities. It is not certain that credit will, under all circumstances, supply necessaries to the wife; at times they may not be had without money and accidents of time, place or distance may bring about such a state of things as that a friend may be able and willing to place money in her hands upon her husband's credit, who cannot personally attend to its disbursement."

Defendant further contends that he was financially unable to furnish the necessaries, and that consequently there was no neglect within the provisions of the statute. The record contains testimony that during the period in question he was a member of two prominent clubs and resided at a hotel in San Francisco. This was some evidence of his ability and supports the finding to that effect. Moreover, financial inability to furnish the necessaries would not relieve him from liability therefor, if the same were furnished by others.

. The trial court failed to find on the issue of the reasonable value of the necessaries procured and for that reason this court has caused testimony to be taken on that question. It was testified by Mrs. Fyfe's sister, who cared for her during the period the advances were made and who had

been a housekeeper and apartment house manager for many years, that she purchased the supplies and employed nurses for Mrs. Fyfe, and that she checked all the bills rendered. Her testimony was directed to the bills for one month only on the stipulation that her testimony would be the same for the other months of the period. She testified as to the rental value of the apartment occupied by Mrs. Fyfe, and defendant concedes that her experience qualified her as a witness on this question. She also testified that over a period of years she had employed graduate nurses for her family, for Mrs. Fyfe, and for other tenants of her apartment house, and that the regular charge therefor which she had paid was $35 per week; also that she checked each bill for food, drugs, etc., and that the items were reasonably priced. Defendant contends that she was not qualified to testify to these matters, and that her testimony should be rejected.

█ It has been held that the amount paid for medical services is some evidence of the reasonable value thereof (*Dewhirst* v. *Leopold,* 194 Cal. 424 [229 Pac. 30]), and the same rule applies to the services of nurses; also that the agreed price of an article (*Bringham* v. *Knox,* 127 Cal. 40, 44 [59 Pac. 198]), or the cost thereof, is some evidence of value (*Angell* v. *Hopkins,* 79 Cal. 171 [21 Pac. 729] ; *Wright* v. *City of Butte,* 64 Mont. 362 [210 Pac. 78]), and that the person by whom articles were purchased or who is familiar, although only in a general way, with the value of the services, is competent to testify (*Continental Ins. Co.* v. *Horton,* 28 Mich. 175; Wigmore on Evidence, sec. 716; 22 Cor. Jur., pp. 573, 698). █ It is also well settled that the services of nurses for which a portion of the money advanced was expended are within the rule making the husband liable for necessaries. (30 Cor. Jur., Husband and Wife, sec. 146, p. 603.) █ There was no evidence contradicting the testimony of the witness, and we accordingly find as we are authorized to do (*Kirk* v. *Culley,* 202 Cal. 510 [261 Pac. 994]), that the reasonable value of the necessaries for which the amounts advanced by plaintiffs were expended is the sum of $10,616.54, of which amounts advanced there has been repaid to plaintiffs $1,252.60.

The judgment is affirmed.