LISOLETTE HANF *v.* JOSEPH HANF

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 110290
AT BRIDGEPORT

Memorandum filed February 2, 1962

*Brennan, Daly & Seymour,* of Bridgeport, for the plaintiff.

*Joseph N. Perelmutter* and *Kevin T. Nixon,* of Seymour, and *Charles M. Lyman,* of New Haven, for the defendant.

MacDONALD, J.   In this action by defendant's daughter to recover from him certain sums of money expended by plaintiff for the support, medi-

cal care and burial of her mother, defendant interposed as a special defense the fact that he and plaintiff's mother were divorced in Reno, Nevada, on September 27, 1955, and that the later dismissal by a California court of the mother's claim for support, on the basis of such divorce, is a bar to the present claim. The only question for determination at this time is whether plaintiff is legally entitled to the information sought in her motion in order to attack the validity of the Reno divorce.

In *Tyler* v. *Aspinwall,* 73 Conn. 493, our Supreme Court held that heirs at law, although themselves financially affected by the subsequent remarriage of one party to a divorce, were strangers to the decree of divorce and could not maintain a suit to set it aside on grounds of fraud and perjury. However, the court did state (p. 499): "The mere fact that the setting aside of the judgment would be an advantage to the plaintiffs is not enough; they must show that some legal or equitable right of theirs was invaded by the judgment, before they can complain of the refusal of the court to . . . have it set aside." To the same general effect is the more recent case of *Tippin* v. *Tippin,* 148 Conn. 1, where the court states (p. 6): "Since the plaintiff here was not a party to the Alabama divorce proceedings, she is a stranger making a collateral attack on the decree. To have any standing to make such an attack, she would have to prove at the outset and as a first issue, that she had a legally protected interest adversely affected by the decree."

Since there is no question of defendant's primary obligation for the sums expended by plaintiff had defendant not been divorced and since, under *Kenyon* v. *Farris,* 47 Conn. 510, money advanced to a wife for necessities can be recovered in equity from the husband by the person advancing such money, it would seem that this plaintiff is more than a

stranger, by reason of her having a "legally protected interest adversely affected by the decree" she seeks to attack. As pointed out in *Tippin* v. *Tippin,* supra, 6: "The question of the standing of the plaintiff to make a collateral attack on the decree is entirely distinct from, and not to be confused with, the second issue confronting her in making such an attack, which involves the burden of proving facts essential to show that the attack is well founded on the merits." Here, the only question at the moment is plaintiff's right to obtain the information sought here in order to enable her to attack defendant's defense of a divorce. She has a "legally protected interest" at stake in attacking the validity of the divorce and is entitled to obtain the information.

The defendant's objections are overruled and compliance should be within three weeks.