Chester Louis ATTEBERY, Respondent,

v.

Florence Luella ATTEBERY, Appellant.

No. 25950.

Missouri Court of Appeals, Kansas City District.

March 4, 1974.

David Collins, Collins & Grimm, Macon, for appellant.

Vance R. Frick, Frick & Mayberry, Kirksville, for respondent.

Before SHANGLER, C. J., WASSERSTROM and PRITCHARD, JJ., and RUSSELL, Special Judge.

WASSERSTROM, Judge.

Plaintiff husband brought an action for divorce against his defendant wife who filed a counterclaim alleging that during the period of separation of the parties she had expended $2,802.84 necessary for her support. Plaintiff thereafter dismissed his petition for divorce without prejudice, and the case was heard on the wife's counterclaim for necessaries. The wife requested that the case be heard by a jury, but that request was denied by the trial court. Upon submission to the trial court sitting without a jury, the Court found that the husband had expended approximately $23,000.00 for the support of the wife for the period from February, 1967, to February of 1970, and further that the husband had provided the wife with automobiles. The Court found the issues in favor of the husband and judgment was entered in favor of the husband; however, on her claim for attorney's fees sought in conjunction with the bringing of the action, the Court entered judgment in favor of the wife and against the husband for $500.00. The wife then appealed.

 There is no question but that defendant had the right to bring this action for monies expended by her for past necessaries, and the remedy afforded by temporary alimony in the divorce case was not exclusive. Smith v. Smith, 300 S.W.2d 275 (Mo.App.1957); Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762 (banc 1932). However, the issue debated on this appeal is whether an action of this type is legal rather than equitable in character, so as to entitle defendant to a jury trial as demanded by her.

 The nature of the wife's right in this situation is analyzed in the Restatement of the Law, Restitution, § 76, as being one of indemnity, to recover for performance by her of a duty which should have been discharged by her husband. In Comment b., Illustration 5, under that section the following example is given:

> "In State X a husband is under a duty to supply necessaries to his wife and minor children and a wife is entitled to maintain an action against her husband. A wrongfully refuses to supply necessaries for his wife and minor child. The wife secures a position and provides herself and the child with necessaries. She is entitled to reimbursement from her husband for the value of the necessaries."

The above Section 76 of the Restatement on Restitution is cited with approval in the leading Missouri case on this subject, Smith v. Smith, 300 S.W.2d 275 (Mo.App. 1957), which is consistent with the concept of recovery on the theory of restitution under indemnity. The *Smith* case in turn is cited with approval in Swanson v. Swanson, 464 S.W.2d 225, 229 (Mo.1971).

 Once it is established that the wife's cause of action rests on indemnity, the law is clear that her cause of action is legal in nature so as to give her a right to trial by jury. The rule in this connection is summarized in 41 Am.Jur.2d, Indemnity, § 38, page 728, as follows:

> "General rules relating to actions and proceedings are, of course, controlling in actions to recover indemnity. In accordance with the general rules governing trials in civil actions, where there are questions of fact a right to trial by jury exists."

See also Section 4, Comment e., of the Restatement on Restitution which states that recovery of a judgment for money on the theory of restitution is ordinarily by an action at law. Attention is also called to the

decision in Bohun v. Kinasz, 124 Conn. 543, 200 A. 1015 (1938) where the court reflected the indemnity theory of approach by discussing the wife's right of action in this situation as being one on quasi-contract due to the fact that "[s]he was forced to pay an obligation for which another was primarily liable"; and it is to be noted that this leading case expressly holds that "the plaintiff's claim is legal rather than equitable".

■ This conclusion that the wife's right of action is one at law rather than in equity is further buttressed by the general rule that an action is to be deemed legal in nature, rather than equitable, where the only relief sought is the collection of money damages. This rule was the principal basis of the decision in Gallion v. McIntosh, 8 S.W.2d 1076 (Mo.App.1928), in a situation where an ex-wife sued her ex-husband to recover past support money expended by her on behalf of a child, and which the court in Smith v. Smith, supra, deemed to be "somewhat analogous" to the situation with which we are dealing in the present case. Also stating the general rule, that an action is to be considered legal rather than equitable when the only relief sought is money damages: Jaycox v. Brune, 434 S.W.2d 539 (Mo.1968); 47 Am.Jur.2d, Jury, § 42, page 660.

In an effort to justify an opposite result, the husband seeks to make the present case parallel to an action for separate maintenance, and he argues that since the latter is equitable in character, then so also should be the instant proceeding. That attempt to analogize the present action to a suit for separate maintenance cannot bear close scrutiny. It overemphasizes one point of superficial similarity, at the expense of ignoring vital differences.

■ The important difference between the action here from a suit for separate maintenance, is that the wife in this case is seeking to recover specific liquidated sums of money already paid out by her for nec-

essaries, whereas in a suit for separate maintenance the wife is asking for future support. The problems are completely different. This can be illustrated, aside from other differences, by the single factor that the decree for future support may very likely call for modification from time to time as conditions change, and the consideration of changed conditions and the propriety and extent of modification are matters which would be far more appropriate for handling by a court than by either trying to reconstitute the original jury or by calling in successive juries. A suit such as the one here, for reimbursement of necessaries already paid for by the wife, has nothing to do with future support and presents a far simpler type of problem.

■ A much more proper analogy should be made of the present situation to the case where a tradesman supplies necessaries to a married woman living separately from her husband. A merchant, shopkeeper, or other person who *directly* supplies necessaries to a married woman who is separated from her husband possesses a cause of action against the husband based upon his common law obligation to support his wife, and based upon that, his implied promise to pay for the necessaries. Smith v. Smith, 300 S.W.2d 275, 276 [1, 2] (Mo. App.1957); 41 Am.Jur.2d, Husband and Wife, § 349, page 291; Anno. "Husband's liability to third person for necessaries furnished to wife separated from him," 60 A. L.R.2d 7. As a part of his cause of action, the merchant or other third person must plead and prove that the separation of the husband and wife was not because of her fault. "The law presumes the husband's assent to contracts made by the wife for necessaries suitable to his degree and estate from the fact of cohabitation; (Rutherford v. Coxe, 11 Mo. 223;) but when that ceases the tradesman is bound at his peril to take notice of the separation, (Porter v. Bobb, 25 Mo. 36,) and he can not recover of the husband for any supplies furnished to the wife unless the separation was on account of the misconduct of

the husband, * * *" Reese v. Chilton, 26 Mo. 598, 600 (1858).

 Thus, the tradesman's suit requires all the essential elements of a suit by a wife to recover the costs of necessaries, including a showing of marital fault on the part of the husband. Yet the tradesman's suit beyond doubt is at law and is triable to a jury as a matter of right, unless a jury trial is waived. The recovery sought is a money judgment, the right to which involves the determination of factual issues, which normally entitles one to a jury trial. Jaycox v. Brune, 434 S.W.2d 539, 542 [3–6] (Mo.1968); Mills v. Berry, 395 S.W.2d 228 (Mo.App.1965); and Auffenberg v. Hafley, 457 S.W.2d 929 (Mo.App. 1970). Note that the *Reese* case, an action by a tradesman for necessaries furnished a wife, was tried to a jury. So also were the cases of Rutherford v. Coxe, 11 Mo. 223 (1848); Porter v. Bobb, 25 Mo. 36 (1857); County of Audrain v. Muir, 297 Mo. 499, 249 S.W. 383 (1923); and the case of Pfenninger v. Brevard, 129 S.W.2d 924 (Mo.App.1939), was tried "without the intervention of a jury."

The aptness of the foregoing tradesman analogy becomes particularly apparent when the historical development of this whole problem is considered. From time immemorial the law has recognized a duty by a husband to support his wife. However, at the old common law, the wife was unable to enforce this duty directly, because of the disabilities surrounding a married woman. In order to give abandoned wives some relief, the common law courts devised a legal fiction under which it was postulated that the wife had an implied agency to pledge her husband's credit for the purchase of her necessaries; and then the tradesman who supplied her with the necessaries was given a legal right of action against the husband for the goods or services contracted under that assumed agency.

Now that the former disability of married women to sue has been removed by the modern Married Women's Acts, there is no reason why the wife or ex-wife may not bring her suit directly against her husband or ex-husband in order to enforce the duty which has always run directly from him to her. The character of her lawsuit against her husband is of precisely the same nature and to enforce the same basic obligation which previously had to be brought by tradesmen against the husband after the wife had gone through the former roundabout procedure of pledging her husband's credit. And since the wife's cause of action is the same as the old tradesman's suit, the wife's action likewise should be one at law in which she has a right to a jury trial. This is the meaning of DeBrauwere v. DuBrauwere, 203 N.Y. 460, 96 N.E. 722 (1911), the leading case on this subject, as interpreted by In re Wilder, 174 Misc. 244, 20 N.Y.S.2d 69, l.c. 71, where it is held:

"It is true that the opinion in the DeBrauwere case in referring to this right of recovery used the words 'suit in equity' and 'liable in equity' and that this language has been subsequently quoted and referred to in the Laumeier and Reich cases, supra. [Laumeier v. Laumeier, 237 N.Y. 357, 14 N.E. 219; Matter of Reich's Estate, 138 Misc. 823, 247 N.Y.S. 437.] I do not apprehend, however, that the court intended to determine that the action is one within equitable jurisdiction so as to render the ten-year statute of limitations applicable. The opinion referred to Kenyon v. Farris, 47 Conn. 510, 36 Am.Rep. 86, as being the leading case on the subject. But that case was a bill in equity by a third person for moneys advanced to a wife and by her expended in the purchase for herself of such necessaries as her husband was legally bound to furnish. The court indicated that such an action would not lie at law but must be maintained in equity, resort being had to the purely equitable doctrine of subrogation. No such consideration exists here, petitioner's right of recovery being based

on an implied promise, a quasi-contract. See Woodward on Quasi-Contracts, §§ 194, 203.

"It follows that her claim is legal rather than equitable and that the ordinary six-year statute of limitations in force at the time the proceeding was commenced applies. Bohun v. Kinasz, 124 Conn. 543, 200 A. 1015."

This historical treatment is also set out and the same basic approach taken in Smith v. Smith, 300 S.W.2d 275 (Mo.App. 1957). While the *Smith* opinion does not expressly hold that the wife's cause of action in this situation is one at law rather than in equity, a clear implication to that effect can be drawn from the fact that the *Smith* opinion cites with approval Gallion v. McIntosh, 8 S.W.2d 1076 (Mo.App. 1928), which the *Smith* case termed "somewhat analogous." In the *Gallion* case, a wife sued her divorced husband for money which she had advanced to support a child who had been born of the marriage. The Springfield Court of Appeals specifically held that this was an action at law in which the wife was entitled to a jury trial:

"As to expenses already incurred for which only a money judgment is asked, we can see no reason why a common-law action might not be maintained in any court of common-law jurisdiction. To our mind, it would appear to be the better way to proceed. If the defendant is liable to the plaintiff, it is because of the fact that he has become indebted to her, and we can see no reason why she could not sue to recover any other debt he might owe her. Under our practice, when only a money judgment is asked, the parties are entitled to a trial by jury, and the fact that the amount claimed is for necessaries furnished a minor child of the defendant by the divorced wife of the defendant after the divorce, ought not to deprive either party of the right of trial by jury as to the value of the necessaries furnished any more than a stranger who might have furnished the same necessaries. Had these necessities been furnished by a stranger, there would be no doubt of his right of trial by a jury, and, if the divorced wife could not maintain a common-law action based on the same facts, but must proceed only in the court that granted the divorce for a modification of that decree, where a jury could not be demanded as a matter of right, then both she and her divorced husband are deprived of a right that is guaranteed to all others * * *"

■ The husband also argues that the wife has forfeited her right to trial by jury because she prayed for and was awarded an allowance for attorney's fees. The answer to that argument is that the wife properly asked for attorney's fees initially when her husband's suit for divorce was still pending. However, when the petition for divorce was dismissed, attorney's fees were no longer properly demandable and should not have been granted by the trial court. The error by the wife in continuing to seek attorney's fees cannot serve to convert into a suit in equity that which is properly an action at law, and was binding neither on the trial court nor on this court.

■ Finally to be considered is the husband's argument that the wife's claim should be considered equitable in nature, as being based on the doctrine of subrogation. In this connection, he argues in his brief that "defendant has come to Court in the instant case and, having allegedly borrowed from her own funds the wherewithal with which to purchase necessaries, prays the Court to be subrogated to the claims which her suppliers would otherwise have had against her husband." The mere statement of the husband's argument exposes its artificiality. This sophistry gains no support from the cited case of Reed v. Crissey, 63 Mo.App. 184 (1895). That and similar cases are wholly inapplicable. The *Reed* case involved a four-party situation in which the plaintiff advanced money to a

wife so that she might be able to pay a surgeon and others for medical services. The *Reed* opinion holds that the suppliers of the medical necessaries were entitled to recover against the husband; and that the plaintiff, who had advanced payment for those services, was entitled to subrogation in the place of those suppliers.

The wife here is not in a position in any way similar to that of the plaintiff in the *Reed* case. Unlike the plaintiff lender of funds in the *Reed* case, the wife had due to her a direct obligation from the husband and does not need to rely upon subrogation to the rights of any other intervening parties. To speak of her lending money to herself in order to accomplish some sort of subrogation is to engage in fantasy. Since the obligation to provide necessaries is due to the wife and is for her benefit, she must stand in her own shoes, and recover in her own right of action. Thus the main element in subrogation, that the subrogee sues in the place and stead of the subrogor, is missing.

It should also be noted that this theory of subrogation upon which the husband now seeks to rely was expressly rejected in the *DeBrauwere* case, supra. See also the holding in the *Wilder* opinion, supra, which expressly distinguishes between a suit directly by the wife as compared to a suit by a third person for moneys advanced to the wife and by her expended for necessaries.

There is an extremely strong public policy in favor of the wife here being given a right to trial by jury. Hardly any right is more firmly rooted in our law. It is specifically protected by the Seventh Amendment to the United States Constitution; by the Missouri Constitution, Article I, § 22(a), V.A.M.S.; by Missouri Statute, § 510.190; and by Supreme Court Rule 69.01, V.A.M.R. As stated in 47 Am.Jur. 2d, Jury, § 12, page 635, the right to trial by jury should be jealously guarded by the courts and any curtailment should be scrutinized with utmost care.

For these reasons, the defendant-wife was entitled to the jury trial demanded by her and the refusal thereof constituted reversible error.

SHANGLER, C. J., and PRITCHARD, J., concur.

RUSSELL, Special Judge, dissents.