BIRD S. COLER, as Commissioner of Public Charities of the City of New York, Plaintiff, *v.* CORNELIUS CALLAHAN, Defendant.

BIRD S. COLER, as Commissioner of Public Charities of the City of New York, Plaintiff, *v.* ROSANNA CALLAHAN, Defendant.

(Supreme Court, New York Trial Term, December, 1918.)

Poor Law, Laws of 1901, chap. 664, § 57 — action by commissioner of charities of city of New York to recover such sums of money as have been expended during defendants' minority and while they were institutional inmates — parent and child — burden of proof — infants.

   Where in an action brought under section 57 of the Poor Laws (Laws of 1901, chap. 664) by the commisioner of charities of the city of New York to recover from the defendants, who are minors, such sums of money as have been expended during the period of ten years next preceding the discovery

of their ownership of property, it was stipulated that defendants, during their minority, were cared for in an institution and maintained therein by the city of New York; that nothing was paid to the city for the support and on behalf of said defendants except a small sum; that during defendants' minority and during the time of their residence in said institution up to a certain date, their father was living and that while they were institutional inmates there was expended by the city for their support and maintenance a certain amount of money, the burden is upon the plaintiff to show that the primary duty of the parent to support his children was not discharged and was unenforced, because the possibility of recovery against him was precluded by his lack of property.

After the death of the father, the mother having predeceased the defendants, they became liable and the moneys thereafter expended for their maintenance are chargeable against their separate estates.

ACTION by commissioner of charities of the city of New York to recover such moneys as may have been expended for support and maintenance of infants.

William P. Burr, corporation counsel, Walter B. Caughlan, assistant corporation counsel, for city.

F. A. Crowe, for defendants.

McAvoy, J. In this action the facts stipulated are: (1) That the plaintiff is commissioner of charities of the city of New York, and is constituted by law as the person authorized to bring this action; (2) that the defendants Rosanna and Cornelius Callahan are infants under the age of twenty-one years, and appear herein by guardian duly appointed and qualified to act; (3) that during the minority of the infants they were cared for in an institution and maintained therein at the expense of the city of New York; (4) that there were no funds paid to the city for the support and on behalf of the infants excepting $164, as appears by the

books of the institution; (5) that during the period of their minority, and during the time of their residence in the said institution, up to November 3, 1914, their father was living, and that while they were institutional inmates there was expended by the city for their support and maintenance a sum of money the amount of which is undisputed. Section 57 of the Poor Law was enacted by chapter 664 of the Laws of 1901, and provided as follows: " § 57. Recovery from pauper who has property. If it shall at any time be ascertained that any person, who has been assisted by or received support from any town, city or county, has real or personal property, or if any such person shall die, leaving real or personal property, an action may be maintained in any court of competent jurisdiction, by the overseer of the poor of the town or city, or the superintendent of the poor of any county which has furnished or provided such assistance or support, or any part thereof, against such person or his or her estate, to recover such sums of money as may have been expended by their town, city or county in the assistance and support of such person during the period of ten years next preceding such discovery or death." " That the obligation rests upon a father, or other person standing *in loco parentis,* who has the ability to do so, to support his infant children even though they have an estate of their own, and that, therefore, one who furnishes board and lodging to infants so situated cannot recover against them, is well-settled law." . *Goodman* v. *Alexander,* 165 N. Y. 289, 292. At common law the infants would of course be under no liability for their own support while either a parent or person *in loco parentis* survived who was primarily liable to undertake and perform that duty. The infant becomes liable for its own support only when there is no such person who can or will discharge

that duty. *Wailing* v. *Toll,* 9 Johns. 141; 2 Kent's Comm. 255; 5 Bacon's Abr. 120. The Poor Law as quoted above is asserted by the city authorities to be in derogation of this common-law principle and to impose upon the infant itself as a " person " the pecuniary charge for its maintenance and support by the city, providing it is ascertained at any time that the infant is possessed of real or personal property. The provision is that an action may be maintained for such sums as have been expended during the period of ten years next preceding the discovery of the owner-ship by the person maintained of such property. If it be derogatory of the common-law rule, the infant would doubtless be included in the terms of the phrase " any person who has been assisted by or received support from   *   *   *   any city," but nothing in the statute indicates a legislative desire to depart from the common-rule of law which beneficently has laid the burden of children's support upon parents able to maintain them. One would go far in temerity to say that this enactment evinces a legislative design to sweep away the obligation of parentage and impose it upon childhood, if those in the latter state are pos-sessed of their own means of support. The true doc-trine of construction, it would seem, is that the assist-ance and support to be compensated for is such as is provided for one for whom no one else is primarily liable and responsible at law to see to it that such per-son is adequately maintained. The obverse reading is avoided by a consideration of its resultant effects. It would throw upon an infant a burden never here-tofore imposed. It would relieve the negligent parent without excuse of inability. It would lead to escape of performance of a duty now imposed by law through the expedient of ignoring the parent's condition and viewing only the infant's resources. This is not to

say that the city is debarred from recovery of moneys expended for the support and maintenance of children who have an estate where the parent is totally indigent and without power to defray the expense of their maintenance. Nor does the rule here announced hold that there is necessity for pleading the lack of parental existence and sufficient means of support. The stipulation is that at all times the defendants were infants and that the father was living. It seems then that the burden of replication is put upon the city to show that the primary duty of the parent was not discharged and was unenforced, because the possibility of recovery against him was precluded by his lack of property. After the death of the father, the mother having predeceased the infants, they became liable, and the sums thereafter expended for their maintenance are chargeable against their separate estates. Judgment rendered accordingly as a general verdict on stipulation for the amount which the agreed rate for that period would total.

Judgment accordingly.