In the Matter of the Application of SOPHIE WILDER.

Supreme Court, Special Term, Kings County, April 12, 1940.

*Max A. Goldhill*, for the petitioner.

*Harry Seiden*, for the committee.

*John J. Bennett, Jr., Attorney-General [Francis X. Wazeter* of counsel], for the State of New York.

BROWER, J. Petitioner, formerly the wife of an incompetent person, seeks an order directing the committee to reimburse her for moneys advanced by her for her own support and the support of an infant son of the incompetent. The proceeding was commenced by service of the petition and notice of motion on the committee on September 29, 1939, and was referred to an official referee to hear and report. In his report the referee finds that petitioner furnished support and maintenance for herself and the infant from March 1, 1929, to May 3, 1934, and that during said time the incompetent failed to provide the same. He recommends that she be allowed from the estate the sum of $1,820.15 reimbursement for support at the rate of one dollar per day provided by her for the infant, but finds that she is entitled to no reimbursement for her own support. Petitioner moves to confirm the report, raising no objection to this latter finding.

Petitioner and the incompetent were married on October 9, 1923, and resided together as husband and wife until early in 1929, when they separated and have not since lived together. On November 30, 1934, she obtained a dissolution of the marriage pursuant to the provisions of section 7 of the Domestic Relations Law.

The finding of the referee that petitioner supported the infant son for the period in question and his finding that she expended therefor the sum of one dollar per day is warranted by the evidence. However, the committee has pleaded the Statute of Limitations, contending that petitioner is entitled to recover nothing for that part of the period referred to farther back than six years prior to the commencement of this proceeding. The official referee has overruled this contention, holding the ten-year Statute of Limitations to be applicable.

If this is to be regarded as " an action upon a contract obligation or liability express or implied," the Statute of Limitations is six years. (Civ. Prac. Act, § 48.) If, on the other hand, the right of recovery is purely equitable, the ten-year statute governs. (Civ. Prac. Act, § 53; *Gilmore* v. *Ham*, 142 N. Y. 1; *Matter of Reich*, 138 Misc. 823.)

It is the primary obligation of the father to support his infant children, and the common law relied on this obligation to enable third persons furnishing the infants with necessaries to recover therefor from the father. The wife could have recovered similarly but for her common-law disability to sue her husband. That disability having been removed by statute, her right is now complete and arises out of *quasi* contract. This was determined in this State in *DeBrauwere* v. *DeBrauwere* (203 N. Y. 460) in which case it was held that where an abandoned wife, left by herself without support for herself and her children, used her own money, chiefly the proceeds of her own earnings as a seamstress and janitress, to provide necessaries for herself and her children, she may recover the amount so expended from the husband. The court by analogy placed her in the same position as a stranger who supplies necessaries to abandoned children and said that for necessaries so furnished " ' the law raises an implied promise to pay on the part of the parent.' (*Van Valkinburgh* v. *Watson*, 13 Johns. 480.) " This rule is now well established. (*Laumeier* v. *Laumeier*, 237 N. Y. 357; *Matter of Reich, supra; Manufacturers Trust Co.* v. *Gray*, 278 N. Y. 380.)

It is true that the opinion in the *DeBrauwere* case in referring to this right of recovery used the words " suit in equity " and " liable in equity " and that this language has been subsequently quoted and referred to in the *Laumeier* and *Reich* cases (*supra*). I do not apprehend, however, that the court intended to determine that the action is one within equitable jurisdiction so as to render the ten-year Statute of Limitations applicable. The opinion referred to *Kenyon* v. *Farris* (47 Conn. 510) as being the leading case on the subject. But that case was a bill in equity by a third person for

moneys advanced to a wife and by her expended in the purchase for herself of such necessaries as her husband was legally bound to furnish. The court indicated that such an action would not lie at law but must be maintained in equity, resort being had to the purely equitable doctrine of subrogation. No such consideration exists here, petitioner's right of recovery being based on an implied promise, a *quasi* contract. (See Woodward on Quasi-Contracts, §§ 194, 203.)

It follows that her claim is legal rather than equitable and that the ordinary six-year Statute of Limitations in force at the time the proceeding was commenced applies. (*Bohun* v. *Kinasz*, 124 Conn. 543; 200 A. 1015.)

The referee's report will be modified to provide that petitioner is entitled to reimbursement for the support and maintenance of the infant son of the incompetent for the period from September 29, 1933, to May 3, 1934, at the rate of one dollar per day, a total of $216. In so far as it recommends that petitioner be reimbursed for one-half the cost of the tombstone for the deceased infant son of the incompetent, the report will be confirmed.

Motion granted as indicated; settle order on notice.