HELEN WELCH, Respondent, *v.* F. WILLIAM WELCH, Appellant.

Fourth Department, March 5, 1941.

*Newcomb & Walsh* [*Walter C. Newcomb* of counsel], for the appellant.

*Edward L. Keenan* [*Samuel E. Chasin* of counsel], for the respondent.

PER CURIAM. The plaintiff and the defendant were married in 1919. Five children were born of the union. In October, 1933, the plaintiff separated from the defendant leaving to him the custody and support of the children, all of whom were infants. The defendant maintained the children until September 9, 1936, when he took them to the plaintiff's residence and left them there without having made provision for their support. On September 11, 1936, the plaintiff procured a warrant from the City Court of Buffalo charging the defendant with being a disorderly person under subdivision 1 of section 899 of the Code of Criminal Procedure in that he had refused to support four of said children and that they were likely to become a public charge. The defendant was brought before the court pursuant to said warrant. After a hearing, that court adjudged the defendant to be a disorderly person, placed him on probation for three years and ordered him to pay $80 per month for the support of said children. The defend-

ant made the payments as directed with the exception of about $360. He was discharged from probation on November 1, 1939.

In May, 1939, the plaintiff instituted this action to recover from the defendant, over and above the moneys paid under the City Court proceedings, the sum of $3,972.50 alleged to have been expended for the children's support from September 9, 1936, to the commencement of the action. The defendant answered alleging in substance that the plaintiff had deserted him, that the plaintiff, if she expended the moneys as claimed, had done so voluntarily and that he was not liable therefor, that the amount of moneys claimed to have been expended was not in keeping with his means or with his station in life. On the trial the plaintiff waived any claim for her own support, and the parties stipulated to forego litigating the question of abandonment.

The plaintiff testified that she had expended $6,132.50 for the support of the children and that she had received from the City Court of Buffalo only $2,240 and that the defendant was indebted to her in the amount of $3,892.50. She made some proof of defendant's property and income. The jury awarded her a verdict for $3,500. The trial justice reduced the verdict to $2,300 and the plaintiff accepted the reduction and judgment was entered for $2,377.75. The defendant has appealed. He seeks reversal on two grounds: (a) The plaintiff's recovery should be limited to the award of eighty dollars per month. (b) The amount of the verdict, as reduced, is excessive and not in keeping with defendant's pecuniary ability to pay or with his station in life.

Section 899 of the Code of Criminal Procedure was not enacted to settle matrimonial differences or as a substitute for an action of separation. Its object is to prevent the family from becoming a public burden. (*People* v. *Smith,* 139 App. Div. 361, 364; *People* v. *De Wolf,* 133 id. 879, 881; *People* v. *Pettit,* 74 N. Y. 320, 324; *People* v. *Schenkel,* 258 id. 224, 226.) The duty rested on the defendant to support his children in accordance with his station and position in life. (*Garlock* v. *Garlock,* 279 N. Y. 337, 340.) That obligation rested primarily on him. (*Van Valkinburgh* v. *Watson,* 13 Johns. 480.) The burden was on the defendant to establish that the eighty dollars per month was either ample for the support of the children or was all that he could reasonably afford to pay. (*Frank* v. *Carter,* 219 N. Y. 35, 38.) He failed to establish either proposition. The payment of the eighty dollars per month was some evidence of what the defendant had done in the discharge of his duty to support his children. (*Michaels* v. *Flach,* 197 App. Div. 478, 480.) The plaintiff was not bound to expend her own money for the support of the infant children in

this case. (*Hendricks* v. *Isaacs*, 117 N. Y. 411, 418; *Manufacturers Trust Company* v. *Gray*, 278 id. 380, and cases cited.) If the plaintiff gratuitously expended her own money, she could not recover. (*Matter of Hamilton*, 70 App. Div. 73, 76; affd., 172 N. Y. 652.) The evidence is to the contrary. This action is brought in reality for the benefit of the infant children. (*Laumeier* v. *Laumeier*, 237 N. Y. 357, 364.)

We reach the conclusion that the award of damages, as reduced by the court, is not supported by the weight of the evidence. The evidence would have supported a finding that the defendant could reasonably have afforded to pay for the support of his children the sum of $100 per month for the thirty-three months in issue here. He paid only $2,240 during that period.

The judgment should be reversed on the facts, and a new trial should be granted, with costs to the appellant to abide the event, unless the plaintiff within ten days stipulates to reduce the amount of the damages to $1,060, and in case such stipulation is filed, the judgment should be affirmed, without costs.

All concur, except HARRIS, J., not voting. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $1,060 as of the date of the rendition thereof, in which event the judgment is modified accordingly and as so modified is affirmed, without costs of this appeal to either party.