LILLIAN M. NEWMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109632. Promulgated April 13, 1943.

*Frederick E. Winkler, Esq.*, for the petitioner.
*Arthur Groman, Esq.*, for the respondent.

922

## OPINION.

ARUNDELL, *Judge:* Respondent on brief has run the full gamut of provisions and theories under which trust income may be taxed to a grantor. Since we are of opinion that the income of the present trusts, with the exception hereinafter noted, is not taxable to petitioner, it is necessary to state briefly our reasons why we consider each provision inapplicable.

1. Section 166 of the Internal Revenue Code[1] is operative only if the power to revest corpus in the grantor is vested in the grantor or "in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom." Paragraph tenth of the trust instruments placed such power in the grantor's husband. He, however, was remainderman of each trust, as well as the donee of a power to appoint the remainders in the event he prede-

---

[1] SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

ceased the life beneficiaries. Such interests made him a person with a substantial interest adverse to revesting the corpus in the grantor. Notwithstanding this, the Commissioner argues that because of the doctrine of family solidarity, *Helvering* v. *Clifford*, 309 U. S. 331, the husband should not be regarded as having a substantial adverse interest. *Altmaier* v. *Commissioner*, 116 Fed. (2d) 162. We have heretofore rejected such an argument. *Estate of Frederick S. Fish*, 45 B. T. A. 120, 123; *Estate of Edward Lathrop Ballard*, 47 B. T. A. 784, 792; *Stephen Hexter*, 47 B. T. A. 483, 491; *James G. Heaslet*, 47 B. T. A. 1006, 1010; *Meyer Katz*, 46 B. T. A. 187, 194–195; *Jane B. Shiverick*, 37 B. T. A. 454. Our view was, and is, that the *Clifford* case does not mean that a person with an otherwise adverse interest will, solely by reason of marital relationship, act in accordance with the wishes of his or her spouse. This view is fortified in the case at bar by petitioner's statement in answer to a question on cross-examination as to whether her husband would pay any heed to petitioner's suggestions: "I think it would be the other way around. I might make the suggestion and then listen to him."

We conclude that by reason of the husband's adverse interest in the corpus section 166 is inapplicable.

2. The Commissioner contends, however, that section 167 (a) (2)[2] may be invoked because the husband could have amended the trust by giving the income to petitioner. It is asserted that the husband has no interest in the income and consequently no interest adverse to directing that it be paid to petitioner.

We think it may indeed be questioned whether paragraph tenth may properly be construed to permit, while the trusts continue, the channeling of the income away from the minor beneficiaries, for whose benefit the trusts were primarily established. In *Stuart* v. *Commissioner*, 124 Fed (2d) 772; affirmed on this issue, 317 U. S. 154, a power in trustees to alter, change, or amend in any respect was held not to authorize a gift of the corpus back to the grantors under Illinois law, the court quoting an Illinois case to the effect that "Their discretion as trustees of this fund is subject to the control of the courts of equity, and can not be arbitrarily exercised so as to deprive the beneficiaries of all benefit of the fund." The Seventh Circuit stated:

* * * The same principle seems to prevail in all jurisdictions both state and federal. See Restatement of Law of Trusts, Sec. 170; Scott on Trusts, Vol. 2, Sec. 187; *Lovett* v. *Farnham*, 169 Mass. 1, 47 N. E. 246; *Fleischman* v. *Commis-*

---

[2] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

* * * * * * *

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor;

* * * * * * *

then such part of the income of the trust shall be included in computing the net income of the grantor.

*sioner*, 40 B. T. A. 672 (acquiesced in by Commissioner) ; *Downs* v. *Commissioner*, 36 B. T. A. 1129.

This principle prevails in New York. See Scott on Trusts, vol. 2, sec. 185; *Osborn* v. *Bankers Trust Co.*, 168 Misc. 392; 5 N. Y. S. (2d) 211; *Carrier* v. *Carrier*, 226 N. Y. 114; 123 N. E. 135.

We need not, however, rest our decision upon a finding that under New York Law the husband could not by amendment of the trust give the income to petitioner. If paragraph tenth is broad enough to permit that, there is nothing in the paragraph that would preclude the husband from amending in his own favor. Respondent's argument tends to support such a conclusion, for he contends that the power was vested in the husband as an individual and not as trustee; therefore, it was not a power in trust and no claim of fiduciary duty could validly be advanced against its exercise. If the husband could amend in his own favor, his interest in the income is adverse to petitioner. This was squarely held in *Laura E. Huffman*, 39 B. T. A. 880, 887; and in the *Stuart* case, *supra*, where the Seventh Circuit said :

* * * If the wife and brother had the power under this provision ["to alter, change or amend * * * in any other respect"] to substitute the grantor as sole or part beneficiary, they likewise would have the same power to substitute themselves, or any one else, as beneficiaries. In either event it is not necessary that such event should have transpired. If the wife and brother had the power to name themselves, or others than the grantor, as beneficiaries, that power or right was certainly adverse to the grantor's interests. * * *

We conclude that petitioner is not taxable under section 167.

3. While section 22 (a) was cited in the notice of deficiency as one of the grounds to support respondent's determination, there is no argument on brief that that section applies. The *Clifford* case is cited only in connection with section 166, as indicated above. Nevertheless, we deem it appropriate to express our conclusion that the petitioner is not taxable upon the trust income by virtue of section 22 (a). We have here long term trusts with no control whatever reserved to the grantor. She did not remain the substantial owner of the trust funds. The fact that the husband was named trustee does not by itself require that the grantor be taxed. "It is natural that the grantor of a trust will appoint as fiduciaries persons upon whose ability and integrity he may rely." *Robert S. Bradley*, 1 T. C. 566. In this case there is not only a lack of evidence that petitioner could exercise control by dominating her husband, but there is in fact testimony to the contrary. We hold that petitioner is not taxable under section 22 (a). *Commissioner* v. *Branch*, 114 Fed. (2d) 985.

4. The Commissioner argues next that petitioner was liable for the support of her children, that the income of the trusts may have been used to discharge that liability, and that consequently the income is taxable to her under the Supreme Court's recent decision in *Helvering*

v. *Stuart*, 317 U. S. 154. There are two answers to this argument. Assuming, *arguendo*, that a duty to support rested upon the mother, the trust instruments are silent as to the use to which the trust income is to be put. They simply direct that the income shall be paid annually to the son and daughter. They were not trusts for the minors' support. It is well settled that *Douglas* v. *Willcuts*, 296 U. S. 1, which was the Supreme Court's authority for the *Stuart* case, does not apply where there is a lack of agreement or provision in the trust indenture for application of trust income to the grantor's obligation. *Stephen Hexter*, *supra*, p. 492; *Everett D. Graff*, 40 B. T. A. 920, 922; affirmed on another issue, 117 Fed. (2d) 247; *Shanley* v. *Bowers*, 81 Fed. (2d) 13 ("Certainly a man must be able to make his wife a gift, if he wishes, without affecting his marital duty.") *Suhr* v. *Commissioner*, 126 Fed. (2d) 283. For this reason alone respondent's contention fails.

The other reason is that, notwithstanding the New York statute relied upon by the Commissioner,[3] the rule in that state appears clearly to be that the primary duty to support and educate minor children rests upon the father. *Laumeier* v. *Laumeier*, 237 N. Y. 357; 143 N. E. 219; *In re Wilder*, 174 Misc. 244; 20 N. Y. S. (2d) 69. Indeed, the mother may maintain suit against the father for amounts she has expended for that purpose. *Laumeier* v. *Laumeier*, *supra;* *In re Wilder*, *supra;* *Welch* v. *Welch*, 261 App. Div. 371; 25 N. Y. S. (2d) 838. And as long as the father is able financially to carry this burden, the child's separate estate and income may not be used for its support. *Coler* v. *Callahan*, 105 Misc. 457; 174 N. Y. S. 504; *In re Jeffrey's Estate*, 137 N. Y. S. 168. The testimony in the present case supports our findings that the father was financially able to, and in fact did, support the children. We therefore hold that petitioner is not to be taxed upon this theory.

5. The Commissioner contends that no gifts were made or trust created because there was lacking a donative intent. The circumstances that are said to support this argument are that (a) the securities were not transferred from petitioner's name on the books of the corporations and (b) no gift tax return was filed. The evidence, however, is clear that there were gifts completed by delivery and acceptance. The shares comprising the trust funds were endorsed in blank. The trustee retained them in that form for easy marketability. This is a valid and understandable explanation. That he might have done otherwise does not cast doubt upon the *bona fides* of the transfer.

---

[3] Domestic Relations Law, art. 6, entitled "Guardians," sec. 81, under the heading "Appointment of guardians by parents," begins with the following sentence: "A married woman is a joint guardian of her children with her husband, with equal powers, rights and duties in regard to them." The section obviously deals with questions of guardianship, and the New York courts do not appear to have regarded the use of the word "duties" as modifying the recognized primary obligation of the father to support minor children.

Whatever the failure to file a gift tax return may import, assuming one was required, we think it does not negative the fact that a gift was made. We conclude that valid trusts were created.

6. Respondent contends, finally, that dividends declared prior to the time the trusts were established should be taxed to the grantor, citing *Helvering* v. *Horst*, 311 U. S. 112, and *Herman M. Rhodes*, 43 B. T. A. 780. We think that the dividends declared and payable to holders of record on or before June 28, when the trusts were created, are properly taxable to the grantor. *Estate of Bertha May Holmes*, 1 T. C. 508. The amounts so taxable are set forth in our findings.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

MELLOTT, *J.*, dissents.

———

DISNEY, *J.*, dissenting: I am unable to agree with the majority. The taxability of income is here involved. An intrafamily arrangement was entered into, which purported to be a trust so that the income would be that of such trust. The corpus consisted only of corporate stock and the income consisted only of dividends. The stock continued in the name of the petitioner, the alleged trustor, on the books of the corporations, and she continued to receive the dividends thereon. It is true that upon receipt thereof she immediately endorsed them over to her husband, the alleged trustee. This is seen, however, to have been voluntary on her part, and, in my opinion, in such a situation no real trust was formed and the income which the purported trustor continued to receive in the form of dividends should be taxed to her. If she had used the dividends, instead of paying them over to her husband, we would, under the majority opinion here, be compelled to hold, it seems to me, that she had merely received a nontaxable gift from the trust and the income was taxable to the trust—all because of an intrafamily arrangement which, in fact, left the income in the same recipient as before. The result is the same here, for the original recipient of the income continues to receive it and to have command over it, even though she does of her own volition pay it to her husband. The arrangement made appears to me to lack the tang of reality, and to change taxability from an individual to a trust should require a real and effective trust, and not merely the framework thereof. In the face of the fact that the petitioner continued to receive her dividends as before, I discern, in the circumstances, the strongest of which is the fact that she paid the income over to her husband, no such trust as in my opinion the law contemplates as prerequisite to a change of income from one entity to the other, but only a rather obvious and unjustified loophole under the majority view. I therefore respectfully dissent.

SMITH and OPPER, *JJ.*, agree with this dissent.