OPINION. ARUndell, Judge: In attempting to apply the Clifford doctrine[1] to trusts A, B, C, and D, we think the Commissioner has misconceived its foundation and scope. It is true that here, as in the Clifford case, we have a grantor-trustee, spouse-beneficiary, reservation of administrative control, and a relatively short term. But no one of these things, nor all of them together, furnishes the answer to the question of when a person is to be taxed under section 22 (a). To state these four factors and cite the Clifford case no more gets to the root of the problem than the opposite approach of dwelling upon the highly technical distinction between legal title in the grantor individually and legal title in the same individual as trustee. The fundamental problem is, Who is the real owner of the property ? The shortness of the term in the Clifford case was important because at the end of it Clifford reacquired full and unfettered control, dominion, title, and interest in and 'to the trust property. Meanwhile he had given away nothing other than the income as it periodically accrued. The recognized and accepted rule that the owner of property should be taxed upon its income, though he has temporarily and in advance procured its payment to another, fully supported the imposition of the tax in that instance. To escape its application the taxpayer could but take refuge in the artificial concept that he was no longer owner since the legal title was in Clifford — trustee. It was only necessary to brush that technicality aside, inasmuch as the refinements of title are not controlling in any event. Corliss v. Bowers, 281 U. S. 376. Of course, the added features that Clifford still had possession and administrative powers and that the income remained in the family made crystal clear that the technicality he relied upon had no practical effect and in truth all he had done was to assign irrevocably income from certain property for a term. That is a far cry from the present facts. Here the relative shortness of the term is significant only in that it marks the time when such sterile powers and interests petitioner still had in the trust property would come to an end. Clifford never gave away the ownership of his property in a real sense, but only a limited, beneficial use of it for a while. Petitioner has given hers away, definitely and irrevocably, and never again may use either the income or the corpus for her own benefit. She retained administrative powers over investments and rein-vestments — which in view of the character of the trust property she was not likely to exercise. We can not find as a fact that such was the fair equivalent of full ownership. There is no merit in the Commissioner’s suggestion that petitioner would reacquire the property if her husband died before the end of the trust terms. It being a matter of intention, and not of technical words of inheritance, whether the instruments passed a vested interest in the entire estates, Scott on Trusts, vol. 1, p. 665. we think the language used by petitioner clearly shows she did not intend a resulting trust upon the death of her husband. Underlying respondent’s determination, we think, is a sort of skepticism with respect to gifts between husband and wife. Though such transactions are rightfully subject to close scrutiny to determine if they are real and bona fide, so far as we know Congress has not legislated nor has the Supreme Court decided that such gifts are governed by a set of rules different from those governing other gifts; or that thereafter the donor is invariably the party taxable upon the income. Under the law as it stands today we have no doubt that a husband or wife may make a gift, absolute or in trust, to his or her spouse. The Supreme Court said in the Stuart case,[2] “So broad a basis [as contended for by the Commissioner] would tax to a father the income of a simple trust with a disinterested trustee for the benefit of his adult child. No act of Congress manifests such an intention.” Similarly, no act of Congress manifests an intent to tax a wife upon the income of a trust created by her with no strings attached for the sole benefit of her husband. The fact that in the present case there was not a disinterested trustee has been considered; but, as we have said, the rights flowing to petitioner by reason of her trusteeship, with nothing more, do not even closely approach the equivalence of full ownership required for application of the Clifford rule. The Commissioner likewise stresses the fact that petitioner was not unconscious of the tax consequences of her action, but we do not know what can be made of this. So long as the gift is valid and real a motive to reduce taxes becomes immaterial. We conclude that the Commissioner erred in taxing the income of trusts A. B. C, and D to petitioner under section 22 (a). His alternative attempt to invoke the Stuart case and section 167 requires no extended discussion. The principal and income are payable to the husband as his own, regardless of whether he has retired or not or is in need of the funds. Whether he will see fit to use them to pay family expenses, assuming, arguendo, that the wife is liable for them in Illinois, is therefore immaterial, for, even as respondent concedes, section 167 is dependent upon some provision in the trust instrument making possible the application of the income to the settlor’s obligations. That section does not reach income that is payable absolutely to a beneficiary without restriction as to use, Lillian M. Newman, 1 T. C. 921, 926, although the beneficiary may thereafter apply it voluntarily to the benefit of the grantor. Stephen Hexter, 47 B. T. A. 483, 492. Respondent’s determination with respect to the income of these four trusts is reversed. Trust E is different. To a person of ample means the right to say who shall receive property and income may be a more important attribute of ownership than the right to use- them for his own well-being. While petitioner had somewhat limited her power of disposition, she could appoint the income and corpus among her husband and nieces and nephews. In our view, the case with respect to trust E is sufficiently like Commissioner v. Buck, 120 Fed. (2d) 775, as to call for the same conclusion. Respondent is accordingly affirmed as to this trust. Decision will be entered under Bule 50. Helvering v. Clifford, 309 U. S. 331. Helvering v. Stuart, 317 U. S. 154.