Pauline P. Weil v. Commissioner.
Weil v. Commissioner
Docket No. 106100.
United States Tax Court
1944 Tax Ct. Memo LEXIS 58; 3 T.C.M. (CCH) 1148; T.C.M. (RIA) 44350; October 31, 1944
*58 Bertram S. Boley, Esq. and Marion Smith, Esq., for the petitioner. C. R. Marshall, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion This case was heard and adjudged under the same docket number, together with No. 106099, J. B. Weil (the husband of the present petitioner), and comes before us again on petitioner's motion granted (with consent of the respondent) on November 11, 1943, to try the single issue, whether the gift on trust by petitioner to her infant daughter falls within the rule of Helvering v. Clifford, 309 U.S. 331, 84 L. Ed. 788, 60 S. Ct. 554; a question not considered in the earlier proceeding since we held the trust income taxable under the rule of Helvering v. Stuart, 317 U.S. 154, 87 L. Ed. 154, 63 S. Ct. 140; but which requires consideration now because of the respondent's ruling of May 25, 1943 (I.T. 3609 in C.B. 1943, p. 505), issued after the date when our findings of fact and opinion were entered, and section 134, Revenue Act of 1943, a provision relieving taxpayers from the effect of the latter decision and made retroactive with certain qualifications. Respondent asks that if we shall hold the Clifford case not applicable, *59 we make specific findings of fact and of law so that he may determine whether relief should be afforded petitioner under the above section and regulations. Accordingly, a new hearing was had, confined to ascertainment of the fact whether any income of the trust created by this petitioner was distributed during the taxable years, 1934 to 1937, inclusive, for the education, maintenance and support of the petitioner's daughter, and to the degree of petitioner's control of the trust for the purpose of determining whether the Clifford case is applicable. Findings of Fact We incorporate herein by reference the Findings of Fact heretofore made by us in this proceeding and entered under this docket number on April 28, 1943. In addition thereto we find the following facts: No part of the income of the trust created by petitioner. Pauline P. Weil, was distributed during the taxable years for the support, maintenance or education of petitioner's minor daughter, the beneficiary of the trust. Petitioner Pauline Weil, grantor of the trust. derived no benefit from the income of the trust. She was not an officer of, and drew no salary from, the Coca-Cola Botting Co., 25 shares of whose *60 stock constituted the trust's corpus, until she became president in 1941, after her husband's death in that year, although she was a director as early as 1923 and a stockholder since 1916. She never directed her husband Julius B. Weil, the trustee, what investments to make with the trust corpus or income, and never questioned his decisions on such matters when told of them; nor did she direct him in any other respect concerning the trust. Opinion KERN, Judge: Upon the fact question presented in this phase of the instant case there is no need of extended discussion. That question is whether any of the income of the trust created by petitioner Pauline P. Weil was distributed during the taxable years for the support, maintenance or education of her minor daughter who was the beneficiary of the trust. We have concluded that it was not. The audit of the trust accounts shows that no expenditures were made from the trust income during the taxable years except for state and Federal taxes. It is true that due to an error on the part of the bookkeeper of the Coca-Cola Bottling Co., certain checks drawn by Mr. Weil in 1935 on that company for personal household expenditures were charged *61 against the trust account which had been set up by the bookkeeper on the books of the Bottling Co. These charges, however, were bookkeeping entries which were rectified in a subsequent year. They do not indicate to our satisfaction that any of the funds of the trust were actually expended for the support, maintenance and education of the beneficiary. This "trust account" was not the account of receipts and expenditures of the trust kept by the trustee but was merely an account set up by the bookkeeper of the Bottling Co. for his convenience in making the proper entries, crediting the payment of dividends. The accounts of the trust, properly speaking, when they were finally, although belatedly, set up, show that the only expenditures out of the trust income during the taxable years for which the trustee could claim credit in his accounting were, as we have said, for state and Federal taxes. We pass, then, to the question of law, whether petitioner's trust falls within the rule of Helvering v. Clifford, 309 U.S. 331, 84 L. Ed. 788, 60 S. Ct. 554. Petitioner's trust was an irrevocable long-time trust, for the benefit of her daughter, and was to continue for the life of the daughter *62 and until her daughter's children should reach the age of 21. If the beneficiary should predecease the settlor, the corpus was to go to charity, the substituted beneficiary to be selected by the trustee. The petitioner's husband was named trustee and served as such during the taxable years; the substitute trustees being successively Hirsch, a cousin of the settlor who predeceased Weil, and Stern, a relative by marriage, who actually succeeded him as trustee on his death. Petitioner did not, in fact, exercise any control over the trust corpus by way of investment and management either directly (which she was not empowered by the trust instrument to do), or indirectly by suggestion to her husband, the trustee. Nor did she vote the corporate stock which constituted the corpus. The rule of the Clifford case, supra, is not applicable. See Lillian M. Newman, 1 T.C. 921. Decision will be entered under Rule 50.