OriNION. Black, Judge: We shall take up and decide the issues in their order. The question raised by issue 1 is whether petitioner is taxable on the income of a trust which he created in 1939, where certain of the income of the trust was used in the taxable years to discharge the debts of petitioner incurred prior to the creation of the trust and to repay a loan made by petitioner to the trust. The facts with relation to the creation of the trust, the relevant terms and conditions of the trust indenture, the amounts of the income of the trust in the taxable years, and how such income was used are all set forth in our findings of fact and need not be repeated at length in this opinion. Respondent makes no contention that petitioner reserved any powers to alter, amend or revoke the trust so as to make the income taxable to him under section 166 of the Internal Revenue Code, nor do we understand him to contend that petitioner reserved any such extensive powers of control over the trust corpus or income as to make the trust income taxable to petitioner under section 22 (a) and the doctrine of Helvering v. Clifford, 309 U. S. 331. Respondent relies principally upon section 167 (a) of the code, which is printed in the margin.[1] Regulations 103, section 19.167-1, deals with the scope of section 167 and is printed in part in the margin.[2] Petitioner contends that he can not be taxed upon any portion of the income of the trust which he created in 1939 for the benefit of his mother and daughter because he irrevocably divested himself of all interest in and command over both principal and income of said trust and because the petitioner’s mother had complete dominion of the trust income. In support of this contention petitioner cites Lillian M. Newman, 1 T. C. 921, and Phipps v. Commissioner, 137 Fed. (2d) 141. Petitioner next contends that, when a beneficiary is entitled to receive trust income without restriction upon its use, the grantor can not be taxed upon such income even if the beneficiary actually applies the income in discharge of a legal obligation of the grantor. He cites Henry A. B. Dunning, 36 B. T. A. 1222; Ralph L. Gray, 38 B. T. A. 584; and Stephen Hexter, 47 B. T. A. 483. Petitioner points out that under the terms of the trust indenture the income of the trust was to be paid in quarterly installments to Alice G. Russell, his mother, or whomever she should appoint to receive it. He further points out that the evidence shows that the income of the trust was used to pay the indebtedness against the trust corpus at the request of Alice G. Russell and not at the request of petitioner and that he had nothing to do with making such a request. If this were all, petitioner’s contention would seem to be well taken. But this is not all. Section 7 (a) of the trust indenture provides: 7. The Trustees acting hereunder shall have full power and authority throughout the continuance in effect of this trust to do and perform the following things: (a) * * * to discharge any indebtedness which may exist against any property or interest in property conveyed into this trust, and for this purpose to make loans upon the trust property or any part thereof, and to pay such loans out of income; * * * When petitioner created the trust in December of 1939 he transferred to it 50 shares of Emery & Conant Co. stock which were free from indebtedness. He also transferred 350 shares against which there was an indebtedness of $25,000 which was the personal indebtedness of petitioner. It has been stipulated that: In January of 1940, the trustees paid the loan of $25,000 * * *. To accomplish this the trustees borrowed $20,000 from the petitioner to whom they issued their interest bearing note. The remaining $5,000 necessary to pay off the loan was undistributed trust income of 1939. * * * The stipulation goes on further to show that this loan of $20,000 obtained from petitioner was subsequently paid with income of the trust. All this, it seems to us, adds up to the fact that petitioner’s indebtedness of $25,000 which existed when he transferred the 350 shares of Emery & Conant stock to the trust was ultimately paid out of the income of the trust. It is true that the trustees in doing this appear to have been authorized to do so by Alice G. Russell, petitioner’s mother, who was one of the beneficiaries of the trust, but, as we read the trust indenture, the trustees did not have to obtain the authorization from Alice G. Russell to do what they did. They had full power to do it under the language which we have quoted above from the trust indenture. These trustees had no adverse interest to that of petitioner. Section 107 (a) (2) of the code provides: (a) Where any part of the income of a trust— ******* (2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; While it is true that the grantor did not reserve the right to direct the distribution of any of the income of the trust to pay off the $25,000 indebtedness which existed against the 350 shares of stock, he did confer such discretion upon the trustees of the trust and clearly these trustees did not have any interest adverse to petitioner. While these trustees adopted the method of paying off $20,000 of the indebtedness by borrowing $20,000 from petitioner and then repaying this $20,000 out of the income of the trust, we think the substance of the transaction was that the original indebtedness of $25,000 which existed against 350 shares of stock was paid out of the income of the trust, and that appears to have been the intent of the petitioner when the trust indenture was executed. We are frequently admonished to give effect to substance rather than to form. Cf. Commissioner v. Court Holding Co., 324 U. S. 331. We do so in this case. Construing what was done as we do brings the instant case, we think, within the ambit of Lucy A. Blumenthal, 30 B. T. A. 591; reversed, 76 Fed. (2d) 507; reversed per curiam, 296 U. S. 552. Of course, it seems clear enough that after the income of the trust in the instant case had been used to pay off the $25,000 of petitioner’s indebtedness he had no further interest in the trust income or corpus, for the trust was irrevocable and after the payment of the $25,000 indebtedness none of the income could be distributed to petitioner or used to pay any of his obligations. But as to the $7,182.31 in the year 1940 and $4,000 in the year 1941, included by the Commissioner in petitioner’s income for those years, we sustain the Commissioner. We must next decide whether we should grant respondent’s motion for an increased deficiency on the ground that he should have added to petitioner’s income in 1941 $11,409.43 representing income of the trust instead of the $4,000 which he added. Respondent’s argument in support of this contention is in substance this: The payments to petitioner bj1 the trust in the years 1940 and 1941 left a balance of $7,409.43 owing to him at December 31, 1941, which was paid to him in 1942. The respondent contends that the trust income, to the extent of the indebtedness due against the stock, was petitioner’s income because it could be used by the trustees in their discretion to discharge such indebtedness and all interest due thereon and was taxable in the years ean'0"1 by the trust, under section 167 of the code. It, of course, needs no citation of authorities to support the proposition that the burden of proof is upon respondent to sustain his request for an increased deficiency. However, the facts as to the terms and conditions of the trust indenture and its income for the taxable years 1940 and 1941 are all before us and the question therefore to be decided is one of law, rather than of fact. As we have already pointed out, section 167 (a) (2) taxes to (lie grantor such part of the income of a trust which “may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor.” While the trustees-of the trust did not actually use the $7,409.43 which respondent seeks to add to petitioner’s income for 1941 to pay on petitioner’s indebtedness until 1942. it was 1941 income, the net income of the trust for that year being $14,006.46, and it was within their power and discretion to have so used it in 1941, and this fact, we think, makes the $7,409.43 a part of petitioner’s income for the year 1941 under section 167. It should be so included in a computation under Rule 50, and if any increased deficiency results therefrom it wiH be allowed. Issue 2. — This involves the question as to whether petitioner’s income for 1941 should be increased by adding thereto $25,000 which was credited in 1941 on the books of Emery & Conant Co. to “Allan C. Emery as Trustee for Clifton B. Russell.” Petitioner contends that this $25,000 so credited on the books of Emery & Conant Co. in 1941 should not be taxed to him in that year because it was neither actually nor constructively received by him in 1941. Respondent’s contention is that, while the amount was not actually received by petitioner in 1941, it was constructively received by him in that year. Both parties cite and comment upon Richard R. Deupree, 1 T. C. 113. Respondent contends that case supports his contention of constructive receipt while petitioner contends that the Deupree case is clearly distinguishable on its facts. We agree with petitioner. In the Deupree case we pointed out that he had the right in the taxable year which was before us to receive his bonus in cash and that of his own choice he directed that, instead of being paid to him in cash, it be used to purchase a paid-up annuity policy in which he was named as the annuitant. We held that these circumstances amounted to constructive receipt by Deupree of his bonus within the taxable year. In the instant case the facts show that petitioner did not have the choice of receiving the $25,000 in question in cash nor did he direct that it be used to set up a trust in his behalf. The decision as to how the payment of this $25,000 was to be made was delegated by the corporate resolution to Allan C. Emery, treasurer of the corporation. The resolution adopted by the board of directors December 29, 1941, voting a bonus of $200,000 to four of the employees of the company, of whom petitioner was one, had provided: “and payable to them in such form, manner and proportions, and at such time or times during the present fiscal year as the Treasurer of this Corporation in his sole discretion may determine.” In the exercise of the discretion granted to him by the resolution, Emery decided that there should be paid to petitioner in 1941 $25,000 in cash. That amount petitioner has included in his income for 1941 and it is not in controversy in this proceeding. Emery decided that the remaining $25,000 of the $50,000 bonus allocated to petitioner should not be paid to petitioner in cash, but should be used to set up an annuity trust for petitioner. This annuity trust was set up in 1942, as shown in our findings of fact. The facts in the instant case are much more like those present in Renton K. Brodie, 1 T. C. 275, than they are like those present in the Deupree case. However, there is a distinction of substance, we think, between the facts of the instant case and those present in the Brodie case. In the Brodie case, while the bonus due him was not credited to him in such a manner as to enable him to draw it in cash if he had so elected, it was used to purchase a paid-up annuity policy in his behalf and this policy was turned over to him as his property in the taxable year which we had before us. We held that under those circumstances the lump sum used to purchase the annuity policy was income to him in the year it was so paid and the policy was delivered to Brodie. Cf. Oberwinder v. Commissioner, 147 Fed. (2d) 255. In the instant case the trust in petitioner’s behalf to pay him an annuity of $250 a month until the $25,000 was exhausted was not set up until 1942. It was in that year that the trust indenture was executed and Emery & Conant Co., petitioner’s employers, as donor of the trust, paid over the $25,000 to Boston Safe Deposit & Trust Co., trustee of the trust. This was done just prior to the end of the corporation’s fiscal year ended March 31, 1942. Petitioner was on the cash basis and we think the $25,000 was neither actually nor constructively received by him in 1941. If it was income to him under the doctrine of the Brodie case, when the trust was set up and the $25,000 paid over to the trust, that was not until 1942. Therefore, we hold that the $25,000 in question was not income to petitioner in 1941. On this issue, the Commissioner is reversed. Decision will be entered under Rule 50. SBC. 167. INCOME FOR BENEFIT OF GRANTOR. (a) Where any part of the income of a trust— (1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor ; or (2) may, in the discretion of the grantor or of any person not having a. substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or • •****• then such part of the income of the trust shall be included in computing the net income of the grantor. Sec. 39.167-1. Trusts in the income of which the grantor retains an interest. — (a) Scope. — Section 167 prescribes that the income, or any part of the income, of certain trusts shall be taxed to the grantor, not because the grantor has retained a certain interest in the corpus of the trust (as in section 166), but because of his retention of a certain interest in the income of the trust. * * * (b) Test of taxability to the grantor. — The test prescribed by the Internal Revenue Code as to the sufficiency of the grantor’s retained interest in the trust income, resulting in the taxation of such income to the grantor, is whether he has failed to divest himself, permanently and definitely, of every right which might, by any possibility, enable him to have such income, at some time, distributed to him, either actually or constructively. * • *