ESTATE OF J. M. MANNON, JR., DECEASED, JOHN W. PARKER AND WELLS FARGO BANK & UNION TRUST CO., EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6757. Promulgated May 27, 1946.

*Robert L. Lipman, Esq.,* for the petitioner.
*E. A. Tonjes, Esq.,* for the respondent.

### OPINION.

HARRON, *Judge*: The issue in this case is whether decedent was taxable on one-half of the income of four trusts set up by decedent and his wife on the sole ground [2] that the trusts were discretionary trusts for the support and maintenance of one or more beneficiaries whom decedent was obligated to support. The corpus of each trust consisted of community property owned by decedent and his wife. Since decedent would have been taxable on only one-half of the income of this community property had the trusts never been established, respondent, of course, has sought to tax him on only one-half of the trust income. The case, therefore, is the same as if decedent were the sole grantor of four trusts, each having a corpus one-half as large as the corpus of the present trust.

The facts show that decedent and his wife, while living together as husband and wife, entered into an agreement to change the status of their property from community to separate property. They also provided in the agreement that decedent should convey the family residence to the wife and pay her $700 per month for her support and maintenance and the support and maintenance of their minor children. Finally, the wife expressly agreed to accept the conveyance of the family home, the obligation of decedent to pay the $700 per month, and the establishment of the four trusts, the income of which gives rise to the present controversy, "as and for satisfactory, reasonable, and sufficient provision for her support and maintenance."

It should be noted that decedent and his wife entered into this property settlement agreement and set up the four trusts at a time when they were living together as husband and wife. Although a husband and wife while living together in California may change the status of their property from community to separate property, California Civil Code (Deering), secs. 158–160; *Siberell* v. *Siberell*, 214 Cal. 767, 770; *O'Bryan* v. *Commissioner*, 148 Fed. (2d) 456, they can not while living

---

[2] Respondent has not suggested the application of the doctrine of *Helvering* v. *Clifford*. 309 U. S. 331.

together validly provide that payment of any certain sum shall discharge the husband's obligation to support and maintain the wife. California Civil Code (Deering) sec. 159; *Brown* v. *Brown*, 83 Cal. App. 74, 80–81; *Boland* v. *Boland*, 7 Cal. App. (2d) 401, 404. The wife is entitled to support in accordance with the husband's condition and station in life, *Shebley* v. *Peters*, 53 Cal. App. 288, and a contract specifying a certain sum for support is bad because it would not, as it should, change with the financial circumstances of the husband. See *Garlock* v. *Garlock*, 279 N. Y. 337. However, the California Civil Code[3] expressly recognizes that, if a husband and wife intend to separate and do separate, they may validly make provision by contract for the support of either of them or of their children during such separation. *Boland* v. *Boland, supra*. Had decedent and his wife separated there would be no doubt that the $700 monthly support provision and the income from the trusts would have discharged decedent's legal obligation to support his wife and children during such separation. But decedent and his wife did not separate, even though a separation may have been contemplated at the time of the execution of the property settlement agreement and the establishment of the trusts, and the problem, of course, must be treated in accordance with the stipulated fact that they lived together as husband and wife. However, even though the $700 monthly support provision may, therefore, have been unenforceable, the provisions fixing the property rights of the parties and the conveyances thereunder, including the establishment of the four trusts, remain valid and unaffected. *Chadwick* v. *Chadwick*, 95 Cal. App. 690; *Brown* v. *Brown, supra*.

The trust for the wife required the trustees to pay the income monthly to the wife. The trust for the children also required the trustees to pay the income monthly to the wife during the minority of the children, and such payment was made a complete release to the trustees without the wife "being required to account to any one for said income." Petitioners urge and respondent apparently agrees that the children during the minority had no interest whatsoever in the income of the three trusts set up for their benefit. We agree also. The trust instruments and property settlement agreement under which the trusts were set up must, of course, be read together. The property settlement agreement specifies that the trusts were to provide "for the security" of the wife and that they were accepted by her as satisfactory for "her" support and maintenance, without mention of the

---

[3] Section 159 provides:

"CONTRACT ALTERING LEGAL RELATIONS: SEPARATION AGREEMENT.

"A husband and wife can not, by any contract with each other, alter their legal relations, except as to property, and except that they may agree, in writing, to an immediate separation and make provision for the support of either of them or of their children during such separation."

children, emphasizing the lack of legal interest the children had in any of the trust income during their minority.

The parties have stipulated that it is not known whether and to what extent the wife used the income received by her from the four trusts for her maintenance and support and the maintenance and support of the three children, and that decedent had separate property and income of his own more than sufficient to enable him to provide therefrom for the maintenance and support of himself, his wife, and the three children. The exact question presented for our decision, therefore, is whether a husband who sets up trusts whereby the trustees are required to pay over the income monthly to the wife who has expressly accepted the establishment of the trusts as one of three elements "as and for satisfactory, reasonable, and sufficient provision for her support and maintenance," is still taxable on the income from the trusts where there is no showing that the income actually was used for the wife's support and maintenance and the husband had other ample funds and separate property with which to support and maintain his wife. We answer the question in the affirmative.

The *R. Douglas Stuart* case [4] requires that *Douglas* v. *Willcuts*, 296 U. S. 1, be read as a gloss over section 167 of the Internal Revenue Code,[5] that is, where income of a trust may, in the discretion of a party without an adverse interest in the income, be used for the support and maintenance of a person whom the grantor is legally obligated to support and maintain, the income remains taxable to the grantor. Under section 167 (c) of the Internal Revenue Code, which petitioners concede can not be applied to the present issue, since they have not filed or do they have the information necessary to file the

---

[4] *Helvering* v. *Stuart*, 317 U. S. 154

[5] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor ; or

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor ; or

* * * * * * *

then such part of the income of the trust shall be included in computing the net income of the grantor.

(b) As used in this section the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question."

(c) [As added by sec. 134 of the Revenue Act of 1943]. Income of a trust shall not be considered taxable to the grantor under subsection (a) or any other provision of this chapter merely because such income, in the discretion of another person, the trustee, or the grantor acting as trustee or cotrustee, may be applied or distributed for the support or maintenance of a beneficiary whom the grantor is legally obligated to support or maintain, except to the extent that such income is so applied or distributed. In cases where the amounts so applied or distributed are paid out of corpus or out of other than income for the taxable year, such amounts shall be considered paid out of income to the extent of the income of the trust for such taxable year which is not paid, credited, or to be distributed under section 162 and which is not otherwise taxable to the grantor.

consents required before the retroactive application of the section may be invoked, only such income which has actually been applied in support is taxable to the grantor. But section 167 (c), which is somewhat of a legislative reversal of the *Stuart* case, has no application where the discretion as to whether the income shall be applied rests in the grantor *qua* husband or grantor, and not *qua* trustee. *Hopkins* v. *Commissioner*, 144 Fed. (2d) 683. If income of a trust must be and is paid by the trustees to the beneficiary, but the grantor can say that if he does not wish to use his other funds to support the beneficiary the beneficiary must look for support first to the trust income, then it can not be denied that it is solely within the discretion of the grantor whether or not the trust income shall be used to his own advantage. In the present case, as we noted previously, the trust instruments must be read in conjunction with the property settlement agreement. The wife expressly accepted the establishment of the four trusts "as and for satisfactory, reasonable, and sufficient provision for her support and maintenance." This may not have limited her to the bare amounts of the income received from the trusts if decedent's means entitled her to a larger sum, but it surely gave decedent the legal right to require the wife first to avail herself of the trust income before she could successfully complain that her marital rights of support had been violated. For we must remember that the income from the four trusts had to be and actually was paid to the wife every month. This is quite different from the typical *Stuart* situation contemplated by section 167 (c), where the discretion to be exercised by the trustee usually concerns itself with the distribution of the trust income for support. In such a situation the legislature thought the rule harsh that a grantor should be taxed on income which actually did not come close to discharging his obligation of support. But here the wife actually had the money every month and decedent, not as a trustee but as a grantor and husband, had it solely within his power to determine whether the trust income should be used to discharge a legal obligation which otherwise he would have had to meet with different funds. The extent to which the wife used the trust income for her support and maintenance, or the fact that decedent made substantial payments from his own separate property for that purpose are, therefore, immaterial.[6] Since decedent had the power during

---

[6] Since petitioners concede that they do not know the amount of money actually spent by the wife and decedent for her support during 1940 and 1941, and since the sums of $10,706.73 and $12,680.03 of trust income which respondent has included in decedent's 1940 and 1941 taxable income are scarcely excessive amounts for a husband having a taxable net income upwards of $75,000 and $200,000 in those years, as did decedent, to use for his wife's support and maintenance, we do not reach the problem suggested in *Hopkins* v. *Commissioner, supra,* that the grantor of a trust, the income of which may at his discretion be used for the support of a beneficiary whom he is legally obligated to support, is taxable only on that amount of trust income which equals the amount from all sources actually expended for the beneficiary's support.

each of the taxable years here in question to determine whether he would allocate his one-half share of the trust income to the support of his wife and thus free his separate property for other personal uses, he must be held taxable on one-half of the income of the trusts. In essence, to deny that decedent should be taxable on the income from the four trusts here involved, where decedent at any time could have reclaimed the trust income in the sense of having it applied to satisfy his legal obligation of support, would be to ignore the principle that the "income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income whether he sees fit to enjoy it or not." *Corliss* v. *Bowers*, 281 U. S. 376, 378; see also *Harrison* v. *Schaffner*, 312 U. S. 579; *Helvering* v. *Horst*, 311 U. S. 112.

*Suhr* v. *Commissioner*, 126 Fed. (2d) 283; *Bok* v. *Rothensies*, 131 Fed. (2d) 222, and kindred authorities cited by petitioners to the contrary are cases in which the courts specifically found that the husband did not have the legal right to have the trust income used, if the husband so chose, in partial or complete satisfaction of his legal obligation of support. In the present case, however, the property settlement agreement gave decedent just that right. The provision in the trusts for the children that the payment to the wife was a complete release to the trustees without the wife's "being required to account to any one for said income" did not remove the income from the restriction in the property settlement agreement that the wife accepted the income as satisfactory provision for her support any more than the payment of the $700 per month for which the wife was "not to be called upon to account for said money in any way" would have precluded the payment from being in discharge of decedent's obligation of support had the parties separated. The wife's command over the income of all the trusts must be held circumscribed by the support provisions of the property settlement agreement.

Although not necessary to the decision, we observed that, if, contrary to both petitioner's and our own interpretation of the instruments, the wife were held to have received the income from the children's trusts in trust for them (*Sunderland* v. *Commissioner*, 151 Fed. (2d) 675), decedent would still be taxable on his community share of the income. Decedent, as the father, had the primary obligation of supporting the children. *Blair* v. *Williams*, 86 Cal. App. 676; *Metson* v. *Metson*, 56 Cal. App. (2d) 328. If the wife can be said to have received income from the trusts created for the children in trust for them, it is true nevertheless that such income was to be used for the support of the children, when the property settlement agreement is read in conjunction with the trusts for the children. In the property settlement agreement mentioned above, decedent obligated himself to

·pay $700 monthly to the wife for her support *and the support of the minor children*, and the wife.accepted the establishment of the trusts for the children for her own *support*. If the wife did receive the income in trust for the children, the emphasis on *support* in the property settlement agreement leads to the conclusion that the income was to be used for the children's support and maintenance as included in her own, and decedent could have had the income so applied had he chosen.[7]

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

[7] The suggestion that, because a father of ample means has a duty of supporting his minor children without regard to their separate estate (*In re Keck,* 100 Cal. App. 513), he may not set up a trust to be used expressly for this purpose is, of course, untenable. In New York the separate funds of the minor can be resorted to only if the parent is unable to provide support (*Coler* v. *Callahan,* 105 Misc. 457 ; 174 N. Y. S. 504), yet the courts on innumerable occasions have held the income from trusts set up by fathers of substantial means to discharge their obligation of support taxable to the grantors. *L. R. Henrich,* 1 T. C. 219 ; *Helvering* v. *Leonard,* 105 Fed. ,2d) 900 (C. C. A., 2d Cir.) ; affd., 310 U. S. 80.